THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
HILDRUS A. HANCOCK, Defendant-Appellant.

Fourth District   No. 4—90—0388

Opinion filed February 13, 1991.

Daniel D. Yuhas and Lawrence J. Essig, both of State Appellate De-
fender's Office, of Springfield, for appellant.

Craig H. DeArmond, State's Attorney, of Danville (Kenneth R. Boyle,
Robert J. Biderman, and Rebecca L. White, all of State's Attorneys Appel-
late Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE LUND delivered the opinion of the court:

On December 11, 1989, defendant Hildrus Hancock entered a
guilty plea in the circuit court of Vermilion County to the offense of
residential burglary. (Ill. Rev. Stat. 1989, ch. 38, par. 19—3.) He sub-
sequently received an eight-year prison sentence. Defendant filed a
motion seeking to withdraw his guilty plea which was denied on May
10, 1990. This appeal followed.

On appeal, defendant observes that trial counsel failed to file a
certificate pursuant to Supreme Court Rule 604(d) (107 Ill. 2d R.
604(d)). The rule provides in part:

"The defendant's attorney shall file with the trial court a certif-
icate stating that the attorney has consulted with the defendant

either by mail or in person to ascertain his contentions of error in the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." (107 Ill. 2d R. 604(d).)

Defendant also observes that counsel could not have reviewed the report of proceedings on the guilty plea hearing, because it was not prepared until after the hearing on the motion to withdraw his guilty plea. Accordingly, defendant believes these failures mandate reversal of the denial of his motion.

■ Recently, in *People v. Johnson* (1990), 207 Ill. App. 3d 122, this court addressed an identical situation. There, after reviewing the recent cases of *People v. Wilk* (1988), 124 Ill. 2d 93, 529 N.E.2d 218, and *People v. Hayes* (1990), 195 Ill. App. 3d 957, 553 N.E.2d 30, we concluded the failure to comply with Rule 604(d) in this fashion constituted reversible error. This, of course, controls in the present case. We therefore vacate the court's order and remand this case for further proceedings.

■ We do so, even though it appears from a cursory review that the plea was voluntary. However, as the *Hayes* court observed:

"[W]e are compelled to follow the supreme court's directive in *Wilk* that Rule 604(d) contains rules which must be followed and are not merely suggestions. We no longer approach these cases in terms of whether the error in failing to comply with Rule 604(d) was harmless or prejudicial, but instead follow a rule of strict compliance." (*Hayes*, 195 Ill. App. 3d at 961, 553 N.E.2d at 33.)

In *Johnson*, this court stated:

"The supreme court has made clear that defendants must comply with this rule. No less can be required from the trial court and counsel. Expedience is no substitute for compliance." (*Johnson*, 207 Ill. App. 3d at 125.)

We regret the waste of judicial resources created by this case and those above. However, it is a simple matter for counsel to follow the requirements of Rule 604(d) and for the courts to ensure that this is done, especially since the filing of the certificate is a condition precedent to a hearing on the motion. (See *People v. Dean* (1978), 61 Ill. App. 3d 612, 615, 378 N.E.2d 248, 251.) The reviewing courts have repeatedly observed that the provisions of Rule 604(d) are mandatory. (See, *e.g., Dean*, 61 Ill. App. 3d at 615, 378 N.E.2d at 251; *People v. Lange* (1978), 59 Ill. App. 3d 603, 604-05, 375 N.E.2d 919, 920; *People*

*v. Evans* (1977), 46 Ill. App. 3d 689, 690, 361 N.E.2d 77, 77.) Yet, counsel and courts still fail to comply. This may be due, in part, to the perception that the reviewing courts will treat any omission of this type as harmless error, which has also occurred. (*People v. Taylor* (1982), 110 Ill. App. 3d 1140, 1148-49, 443 N.E.2d 699, 705-06; *People v. Steinmetz* (1982), 110 Ill. App. 3d 439, 442, 442 N.E.2d 645, 648; *Evans*, 46 Ill. App. 3d at 690, 361 N.E.2d at 77.) Thus, a mixed message has been sent. In light of *Wilk*, this will no longer occur.

For the aforementioned reasons, the order of the circuit court denying defendant's motion is vacated, and the matter is remanded for further proceedings.

Vacated and remanded.

STEIGMANN and KNECHT, JJ., concur.