THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. PEARL D. REED, Defendant-Appellant.

Third District   No. 3—90—0721

Opinion filed May 17, 1991.

Peter A. Carusona, of State Appellate Defender's Office, of Ottawa, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (John X. Breslin, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCUSKEY delivered the opinion of the court:

The defendant, Pearl D. Reed, pled guilty to escape (Ill. Rev. Stat. 1989, ch. 38, par. 31—6(a)) and was sentenced to serve four years in prison. She subsequently filed a motion to vacate the judgment and withdraw her guilty plea. Following a hearing, the trial court denied her motion. She appeals.

One of the defendant's arguments on appeal is that the cause should be remanded for further post-plea proceedings because her attorney failed to comply with Supreme Court Rule 604(d) (134 Ill. 2d R. 604(d)). The State has now filed a motion to amend the record on appeal by adding the defense attorney's Rule 604(d) certificate. The State acknowledges that no Rule 604(d) certificate was filed with the trial court.

In the past, this court has allowed the State to file Rule 604(d) certificates on appeal. (*People v. Chesnut* (1977), 47 Ill. App. 3d 324, 361 N.E.2d 1185.) In those days, however, we followed a general rule that substantial compliance with Rule 604(d) was sufficient. We recently decided *People v. Vickery* (1991), 207 Ill. App. 3d 574, 566 N.E.2d 495, in which defense counsel failed to file a Rule 604(d) certificate in the trial court. There we held that in light of the supreme court's decision in *People v. Wilk* (1988), 124 Ill. 2d 93, 529 N.E.2d 218, a relaxed standard of compliance with the strictures of Rule 604(d) was no longer acceptable. We therefore reversed the trial court's judgment denying the defendant's motion to withdraw his guilty plea and remanded the cause for further post-plea proceedings.

*Vickery* did not deal with the instant question of whether a defense attorney may file a Rule 604(d) certificate after the case has been brought up on appeal. The fifth district has addressed this issue, however. In *People v. Hayes* (1990), 195 Ill. App. 3d 957, 553 N.E.2d 30, the court denied the State's motion to file a Rule 604(d) certificate during the appeal. Though it entered that order prior to deciding the merits of the appeal, it addressed the issue in its opinion. The court noted that it no longer approached these cases in terms of whether the error in failing to comply with Rule 604(d) was harmless or prejudicial, but instead followed a rule of strict compliance. The court then

relied on defense counsel's failure to file a Rule 604(d) certificate as one of its reasons for reversing the trial court and remanding the cause for a new hearing.

The fourth district has taken a similar position. In *People v. Hancock* (1991), 208 Ill. App. 3d 1092, 567 N.E.2d 633, defense counsel failed to file a Rule 604(d) certificate and also failed to review the report of proceedings of the guilty plea hearing. The appellate court held that failure to comply with Rule 604(d) in this fashion constituted reversible error. Although the court appears to have been more concerned with counsel's failure to examine the report of proceedings, the opinion indicates that failure to file the certificate alone would have constituted reversible error.

■ We agree with the fourth and fifth districts that in light of *Wilk*, all of the requirements of Rule 604(d), including the filing of a certificate, must now be strictly met. One purpose of the Rule 604(d) certificate is to allow the trial court to determine whether the rule has been complied with and correct any problems which might be revealed by the certificate. As such, the certificate is a condition precedent to a hearing on the motion to withdraw. See *People v. Hancock* (1991), 208 Ill. App. 3d 1092, 567 N.E.2d 633.

■ Due to our findings, it is unnecessary to further address the issues raised by the defendant. We hereby reverse the judgment of the circuit court of Peoria County denying the defendant's motion to withdraw her guilty plea. The cause is remanded for further post-plea proceedings consistent with this opinion, including a new hearing on the motion to withdraw the guilty plea.

Reversed and remanded.

GORMAN and HAASE, JJ., concur.