THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. FLOYD HOLFORD, Defendant-Appellant.

Fourth District   No. 4—92—0050

Opinion filed August 13, 1992.

Daniel D. Yuhas and David P. Bergschneider, both of State Appellate Defender's Office, of Springfield, for appellant.

John B. Huschen, State's Attorney, of Eureka (Norbert J. Goetten, Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

On August 7, 1991, defendant Floyd Holford was indicted by a grand jury in Woodford County on a charge of driving while his license was revoked (DWR) (Ill. Rev. Stat. 1989, ch. 95½, par. 6—303). It was alleged in the indictment that on August 3, 1991, defendant had driven a vehicle on a highway in Illinois while his license was revoked. It was also alleged that defendant's license had been revoked for driving while under the influence of alcohol (Ill. Rev. Stat. 1989, ch. 95½, par. 11—501), and that he had been previously convicted of DWR. These factors made defendant's offense a Class 4 felony. See Ill. Rev. Stat. 1989, ch. 95½, par. 6—303(d).

At the time he was arrested on this charge, defendant was awaiting sentencing in case No. 91—CF—48 in Woodford County, wherein he had been convicted of DWR. He was represented by attorney Joe Gibson in that case. Defendant was sentenced on September 10, 1991, to 13 months in the Department of Corrections.

Defendant was represented in the instant case by the public defender. He entered a plea of guilty to the charge on September 6, 1991. At the hearing on entry of his guilty plea, defendant was admonished by the trial court that because he had committed a felony while out on bond after his conviction of a felony in case No. 91—CF—48, any sentence he received in the instant case would be consecutive to the sentence in the prior case, pursuant to the provisions of section

5—8—4(i) of the Unified Code of Corrections (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—4(i)).

The sentencing hearing began on September 24, 1991. Sometime prior to this date, defendant had retained attorney Gibson to represent him at the sentencing hearing. The court heard evidence in aggravation and mitigation and arguments of counsel. Defendant declined to exercise his right of allocution. The hearing was then continued to September 27, 1991. On that date, the court delayed sentencing until defendant completed the period of incarceration for his conviction in case No. 91—CF—48. On December 10, 1991, the hearing reconvened. Defendant testified that he had been released from prison early. He believed this was because of a heart condition and the fact he had been injured in an attack by another inmate. The court sentenced defendant to 32 months' imprisonment in the instant case.

Defendant filed a motion to withdraw his guilty plea and a motion for reduction of his sentence. His private attorney filed a motion to withdraw as defense counsel, and that motion was allowed. The public defender was again appointed to represent defendant with respect to his motions.

A hearing was held on both motions on January 9, 1992. At the beginning of the hearing, defense counsel advised the court that he had just learned the previous day that he was to again represent defendant. He indicated he had read the court file only that morning. Defendant testified there had been an offer from the State for a sentence of 32 months for both DWR cases, but that attorney Gibson had advised him against it, saying that defendant would get little or no prison time in the instant case after he served his 13-month term in the prior case. He testified that he was relying on Gibson's recommendations in deciding to plead guilty in this case. At the conclusion of the hearing, the trial court denied both motions. Defendant now appeals.

■ Defendant's sole contention on appeal is that the case must be remanded for a new hearing on the motion to withdraw his guilty plea, because the record on appeal does not contain a certificate of compliance with Supreme Court Rule 604(d) (134 Ill. 2d R. 604(d)). Rule 604(d), in relevant part, places the following duties on a defendant's attorney:

> "Appeal by Defendant From a Judgment Entered Upon a Plea of Guilty. *** The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain his contentions of error in the entry of the plea of guilty, has ex-

amined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." 134 Ill. 2d R. 604(d).

Defendant's initial brief was filed in this court on April 10, 1992. At that time, no such certificate was a part of the appeal record. Defense counsel did, however, file a certificate with this court on May 27, 1992. That certificate states defense counsel consulted with defendant in person, examined the trial court file and the report of the proceedings of the plea of guilty, and made any necessary amendments to defendant's motion. The State's brief (filed seven days prior to the filing of the certificate) argues there has now been compliance with Rule 604(d) and that defendant is not entitled to a new hearing. We disagree.

Under the mandate of *People v. Wilk* (1988), 124 Ill. 2d 93, 529 N.E.2d 218, there must be strict compliance with Rule 604(d). We are compelled to disagree with the State's analysis for two reasons. First, Rule 604(d) requires the certificate be filed in the trial court, not in the appellate court. If there is to be strict compliance with Rule 604(d), belated filings in the appellate court cannot be allowed. The State cites this court's opinion in *People v. Hummel* (1977), 48 Ill. App. 3d 1002, 365 N.E.2d 122, in support of its argument that filing of the certificate in the appellate court satisfies Rule 604(d). In that case, defense counsel failed to file the certificate in the trial court but did file in the appellate court on appeal. It was held that the certificate was a condition precedent to the trial court's ruling on a motion to withdraw a guilty plea. However, it was also held that where the certificate was not filed in the trial court, the appellate court would still review the case on its merits, where the certificate was filed in this court, the record was sufficient to permit a review of the defendant's claims of error, and the purposes of the certificate have been fulfilled. The court went on to state that in such cases the failure to file the certificate in the trial court would be viewed as harmless error. *Hummel*, 48 Ill. App. 3d at 1007, 365 N.E.2d at 127.

However, the harmless error analysis used in *Hummel* may no longer be utilized, in the aftermath of the *Wilk* decision. The many cases excusing noncompliance with Rule 604(d) prompted the supreme court's statement in *Wilk* that its rules concerning guilty pleas were not merely suggestions but rules to be strictly adhered to. *Wilk*, 124 Ill. 2d at 103, 529 N.E.2d at 221.

The second reason we must remand this case to the trial court is that it appears from our review of the record, contrary to the state-

ment contained in the certificate, that defense counsel could not possibly have reviewed the report of the proceedings of defendant's guilty plea. Defendant entered his guilty plea on September 6, 1991. His sentencing hearing began on September 24, 1991, was continued to September 27, 1991, and finally concluded on December 10, 1991. The common-law record contains a docket entry dated December 9, 1991, noting a request for a transcript of the September 27, 1991, hearing. A copy of that transcript was filed in the common-law record on December 10, 1991. However, both the common-law record and the court reporter's certificate indicate the complete report of proceedings, including defendant's September 6, 1991, guilty plea hearing, was not prepared or filed until January 14, 1992, five days after the hearing on defendant's motions to withdraw his guilty plea and reduce sentence. Thus, this case presents a situation similar to that in *People v. Hancock* (1991), 208 Ill. App. 3d 1092, 567 N.E.2d 633, *People v. Johnson* (1990), 207 Ill. App. 3d 122, 565 N.E.2d 284, and *People v. Hayes* (1990), 195 Ill. App. 3d 957, 553 N.E.2d 30, wherein the transcript of the guilty plea proceedings in each case was not available for defense counsel to review prior to the hearing on the motion to withdraw the guilty plea, requiring remandment for a new hearing.

Finally, we take a dim view of defense counsel's filing of the certificate in this case, when it is clear from the record that he could not possibly have reviewed the transcript of defendant's guilty plea hearing prior to the hearing on the motion to withdraw that plea. We assume that in the future counsel will take steps to ensure that his certificate represents an accurate statement of his compliance with Rule 604(d).

For the aforementioned reasons, the order of the circuit court denying defendant's motion to withdraw his guilty plea and his motion for reduction of sentence is vacated, and the matter is remanded for further proceedings.

Vacated and remanded.

GREEN, P.J., and COOK, J., concur.