THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DAVID MORRIS, Defendant-Appellant.

Third District    Nos. 3—93—0121, 3—93—0130 through 3—93—0132 cons.

Opinion filed February 2, 1994.

Verlin R. Meinz, of State Appellate Defender's Office, of Ottawa, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (John X. Breslin and Rita

Kennedy Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCUSKEY delivered the opinion of the court:

The defendant, David Morris, appeals from the denial of his motion to reconsider his sentences. The sentences were imposed after the defendant pleaded guilty to seven offenses. The sole issue raised on appeal is whether the cause should be remanded for further proceedings regarding the defendant's motion to reconsider his sentences because his trial counsel did not file a certificate as required by Supreme Court Rule 604(d) (Rule 604(d)) (134 Ill. 2d R. 604(d) (amended April 1, 1992, effective August 1, 1992)). Based upon our supreme court's decision in *People v. Janes* (1994), 158 Ill. 2d 27, we remand the cause for further post-plea proceedings.

The defendant was charged in three separate cases with the offense of robbery (Ill. Rev. Stat. 1991, ch. 38, par. 18—1(a)) and two armed robbery offenses (Ill. Rev. Stat. 1991, ch. 38, par. 18—2(a)). In another separate case, the defendant was charged with an additional four counts of armed robbery (Ill. Rev. Stat. 1991, ch. 38, par. 18—2(a)). The defendant pleaded guilty to all of the offenses charged. In exchange for his guilty pleas, the State agreed to recommend a maximum sentence of 20 years' imprisonment in the Department of Corrections. The defendant was subsequently sentenced to a term of 7 years' imprisonment for robbery and a term of 10 years' imprisonment for each of the six armed robbery offenses. Two of the 10-year sentences were to be served consecutively.

The defendant filed a timely motion to reconsider the sentences imposed by the trial court. The defendant's trial counsel did *not* file a certificate with the motion pursuant to Supreme Court Rule 604(d). The trial court denied the motion to reconsider the defendant's sentences, and the defendant filed a timely notice of appeal in each separate case. The four cases have been consolidated on appeal.

The defendant contends that this cause must be remanded to the trial court for further proceedings regarding his motion to reconsider the sentences. The defendant argues that remand is necessary because his trial counsel failed to file a certificate as required by Rule 604(d). The defendant relies upon *People v. Reed* (1991), 213 Ill. App. 3d 855, 572 N.E.2d 437, and *People v. Vickery* (1991), 207 Ill. App. 3d 574, 566 N.E.2d 495. The State, relying upon *People v. Gilson* (1993), 246 Ill. App. 3d 564, 616 N.E.2d 647, contends that the proper remedy is dismissal of the appeal.

In *People v. Janes* (1994), 158 Ill. 2d 27, our supreme court recently addressed this very issue. The *Janes* court specifically

held that "the remedy for failure to strictly comply with each of the provisions of Rule 604(d) is a remand to the circuit court for the filing of a new motion to withdraw guilty plea or to reconsider sentence and a new hearing on the motion." *Janes*, 158 Ill. 2d at 33.

In light of *Janes*, we reverse the judgment of the circuit court which denied the defendant's motion to reconsider his sentences. For the reasons indicated above, we remand this cause to the circuit court of Peoria County to allow the defendant to file a new motion to reconsider his sentences in compliance with Rule 604(d) and for a hearing on his motion.

Reversed and remanded.

SLATER, P.J., and BARRY, J., concur.