THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DAVID HEINZ, Defendant-Appellant.

Second District    No. 2—92—1484

Opinion filed March 18, 1994.—Modified on denial of rehearing April 27, 1994.

G. Joseph Weller and Steven E. Wiltgen, both of State Appellate Defender's Office, of Elgin, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (William L. Browers and Cynthia N. Schneider, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BOWMAN delivered the opinion of the court:

Following the denial of his post-sentencing motion after pleading guilty to a burglary, defendant, David Heinz, appeals, contending that it was reversible error for the court to deny his motion to reconsider the sentence where defense counsel failed to file a certificate stating that he had consulted with defendant to ascertain his contentions of error thereby violating Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)). Defendant further argues that counsel's failure to examine the transcript of the sentencing hearing prior to the hearing on the motion was also reversible error. We agree that the failure to file a certificate of compliance constitutes reversible error. We therefore reverse the order denying defendant's motion to reconsider and remand the cause with directions.

On September 23, 1992, defendant, David Heinz, entered a partially negotiated plea of guilty to one count of burglary to a motor vehicle (720 ILCS 5/19—1(a) (West 1992)). Under the terms of the guilty plea, the sentencing terms were not agreed upon. After admonishing defendant of his rights and hearing the factual basis of the plea, the court found that defendant's plea was entered knowingly, intelligently, and voluntarily. After a sentencing hearing on October 23, 1992, the trial court sentenced defendant to 14 years' imprisonment.

Defendant's motion to reconsider the sentence was filed on November 20, 1992, and a hearing on the motion was held on

December 1, 1992. Defendant was not present at the hearing since he was imprisoned. In response to an inquiry by the court, defense counsel waived the use of the transcript. Defense counsel argued that the extended term of 14 years was excessive under the circumstances of the case. The court stated that it recalled the sentencing hearing itself and did not believe there was a need for a transcript of that proceeding. After hearing the arguments of counsel and recalling the facts and circumstances of the case, the court denied defendant's motion to reconsider. On December 21, defendant filed a notice of appeal *pro se* and a request to proceed as a pauper; the court subsequently appointed the State Appellate Defender to represent defendant.

We first consider whether the failure of defense counsel to file the certificate of compliance pursuant to Rule 604(d) requires this court to reverse the judgment and remand the cause for further proceedings. Following the entry of his guilty plea, defendant filed a motion to reconsider the sentence on November 20, 1992. The relevant section of the recently amended Rule 604(d) in effect at the time defendant filed his motion states:

> "No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw his plea of guilty and vacate the judgment." 145 Ill. 2d R. 604(d).

Where such a motion is made, the amended rule in effect at the time also provides in pertinent part:

> "The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain his contentions of error in the sentence or in the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." 145 Ill. 2d R. 604(d).

In *People v. Dickerson* (1991), 212 Ill. App. 3d 168, and in succeeding decisions, this court has mandated strict compliance with Rule 604(d). *Dickerson* more specifically determined that the filing of a certificate of compliance is a condition precedent to a hearing on a defendant's motion to withdraw his guilty plea and to vacate the judgment. The failure to file such a certificate is reversible error. (*People v. Davis* (1994), 255 Ill. App. 3d 647.) The purpose of complying strictly with Rule 604(d) is to safeguard a defendant's right to a direct appeal, "a right which may be forever lost under the waiver rule if any appealable issue is not properly raised because Rule 604(d)

has not been strictly followed." (*Davis*, 255 Ill. App. 3d at 649.) The principle of strict compliance has now been recently approved by our supreme court in *People v. Janes* (1994), 158 Ill. 2d 27.

Although in this case defendant filed a motion to reconsider his sentence only, the same rule of strict compliance applies here. In *People v. Packard* (1994), 259 Ill. App. 3d 682, this court held that, where defendant filed a motion to reconsider his sentence following the entry of a guilty plea, defense counsel was required to file a certificate of compliance stating that he has consulted with defendant either by mail or in person to ascertain his contentions of error regarding the sentence, that he has examined the trial court file and the report of proceedings of the guilty plea and has made any amendments to the motion necessary for adequate presentation of any defect in those proceedings. We also read Rule 604(d) to comport with the certification requirements set forth in *Packard*.

Defendant acknowledges that the language of the rule does not also require that defense counsel read the transcript of the sentencing proceeding before going forward with his motion to reconsider; nevertheless, he asks this court to read such a requirement into the rule on the basis of "symmetry." Thus, he argues that, just as the rule requires defense counsel to examine the transcript of a guilty plea proceeding as a condition precedent to a hearing on the motion to withdraw his plea, so too should counsel be required to examine the transcript of the sentencing hearing prior to a hearing on the motion to reconsider the sentence. Defendant cites no relevant authority for this court to read such a requirement into the rule, and it is not a prerogative of this court to amend a rule of our supreme court. We therefore must decline defendant's invitation to do so.

The remedy for the failure to comply strictly with the requirements of Rule 604(d) is a reversal of the judgment and a remand to the circuit court for the filing of a new motion and a new hearing on the motion. (*Janes*, 158 Ill. 2d at 33; *Packard*, 259 Ill. App. 3d at 685; *Davis*, 255 Ill. App. 3d at 650.) Accordingly, we reverse the judgment of the circuit court and remand the cause with directions. Defendant shall be allowed to file a new motion to reconsider his sentence and shall be allowed a new hearing on the motion. The circuit court shall require that defense counsel comply fully with Rule 604(d) in accordance with the views expressed herein before proceeding to a new hearing on the motion, and this compliance shall be shown in the record.

Reversed and remanded with directions.

DOYLE and QUETSCH, JJ., concur.