THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. STEVEN M. SHIRLEY, Defendant-Appellant.

Fifth District   No. 5—95—0608

Opinion filed November 21, 1996.

Daniel M. Kirwan and Dan W. Evers, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Robert Haida, State's Attorney, of Belleville (Norbert J. Goetten, Stephen E. Norris, and Gerry R. Arnold, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE HOPKINS delivered the opinion of the court:

Defendant, Steven M. Shirley, appeals from the denial of his motion to reduce sentence. This case has previously been before this court. On this appeal, defendant contends again that there has not been strict compliance with Supreme Court Rule 604(d) (134 Ill. 2d R. 604(d)).

On September 28, 1993, defendant pleaded guilty to aggravated battery, aggravated criminal sexual assault, and unlawful production of Cannabis sativa plant. The State agreed to not recommend sentences in excess of 15 years' imprisonment for aggravated battery and aggravated criminal sexual assault. The State also agreed to recommend probation for the cannabis offense.

On November 24, 1993, defendant was sentenced to concurrent terms of imprisonment of two years for aggravated battery and 12 years for aggravated criminal sexual assault. He was sentenced on the unlawful production of Cannabis sativa plant conviction to a conditional discharge for two years, to be served consecutively to the prison sentences. He subsequently filed a motion to reduce sentences, which was denied. His counsel did not file a certificate of compliance with Rule 604(d). This court, therefore, reversed that portion of the judgment denying the motion to reduce sentences, and we remanded the cause to the circuit court of St. Clair County for the filing of a new motion to reduce sentences and for further proceedings in conformity with People v. Janes, 158 Ill. 2d 27, 630 N.E.2d 790 (1994). People v. Shirley, No. 5—94—0175 (1995) (unpublished order pursuant to Supreme Court Rule 23 (134 Ill. 2d R. 23)).

On June 27, 1995, the trial court appointed the public defender to represent defendant. On July 11, 1995, an assistant public defender filed a "Motion to reduce/modify sentence." On August 3, 1995, the trial court denied the motion after a hearing. On August 7, 1995, the assistant public defender filed a Rule 604(d) certificate and a notice of appeal. The Rule 604(d) certificate states:

"I, Kathleen Fleshren, attorney for the defendant in this cause, state that I have consulted with the defendant to ascertain his contentions of error in this cause; that I have examined the trial

court file and report of proceedings of the plea of guilty and sentencing hearing, and that defendant offers no amendments to the Motion To Reconsider/Reduce Sentence.

/s/ Kathleen Fleshren

Assistant Public Defender."

On appeal, defendant cites *People v. Reed*, 213 Ill. App. 3d 855, 572 N.E.2d 437 (1991), *People v. Morris*, 256 Ill. App. 3d 618, 628 N.E.2d 1175 (1994), *People v. Dean*, 61 Ill. App. 3d 612, 378 N.E.2d 248 (1978), and *People v. Hayes*, 195 Ill. App. 3d 957, 553 N.E.2d 30 (1990), for the proposition that the filing of defense counsel's certificate of compliance with Rule 604(d) is a condition precedent to a hearing on the motion filed under the rule. See also *People v. Sawyer*, 258 Ill. App. 3d 174, 630 N.E.2d 1294 (1994); *People v. Hancock*, 208 Ill. App. 3d 1092, 567 N.E.2d 633 (1991); *People v. Dickerson*, 212 Ill. App. 3d 168, 570 N.E.2d 902 (1991); *People v. Ramage*, 229 Ill. App. 3d 1027, 595 N.E.2d 222 (1992); *People v. Holford*, 233 Ill. App. 3d 12, 598 N.E.2d 420 (1992); *People v. Heinz*, 259 Ill. App. 3d 709, 632 N.E.2d 338 (1994); *People v. Ritchie*, 258 Ill. App. 3d 164, 630 N.E.2d 171 (1994); *People v. Davis*, 255 Ill. App. 3d 647, 627 N.E.2d 749 (1994). The State objects on the basis that Rule 604(d) does not provide when, between the time sentence is imposed and the time the notice of appeal is filed, counsel's certificate is to be filed in the trial court. Rule 604(d) provides in pertinent part:

"No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw his plea of guilty and vacate the judgment. *** The trial court shall then determine whether the defendant is represented by counsel, and if the defendant is indigent and desires counsel, the trial court shall appoint counsel. If the defendant is indigent, the trial court shall order a copy of the transcript as provided in Rule 402(e) be furnished the defendant without cost. The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain his contentions of error in the sentence or the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in the proceedings. The motion shall be heard promptly, and if allowed, the trial court shall modify the sentence or vacate the judgment and permit the defendant to withdraw his plea of guilty and plead anew. If the motion is denied, a notice of appeal from the judgment and sentence shall be filed ***." 134 Ill. 2d R. 604(d).

In none of the cases cited above in this opinion was a certificate filed in the trial court between the date of a hearing on the postplea motion and the filing of the notice of appeal. In the following cases, no certificate was filed in the trial court: *Morris*, 256 Ill. App. 3d 618, 628 N.E.2d 1175; *Heinz*, 259 Ill. App. 3d 709, 632 N.E.2d 338; *Ramage*, 229 Ill. App. 3d 1027, 595 N.E.2d 222; *Dickerson*, 212 Ill. App. 3d 168, 570 N.E.2d 902; *Hancock*, 208 Ill. App. 3d 1092, 567 N.E.2d 633; and *Davis*, 255 Ill. App. 3d 647, 627 N.E.2d 749. In the following cases, the first attempt at filing the certificate was made in the appellate court: *People v. Janes*, 158 Ill. 2d 27, 630 N.E.2d 790 (1994) (*Janes I*); *Holford*, 233 Ill. App. 3d 12, 598 N.E.2d 420; *Reed*, 213 Ill. App. 3d 855, 572 N.E.2d 437; and *Dean*, 61 Ill. App. 3d 612, 378 N.E.2d 248. This court is aware that in *People v. Janes*, 168 Ill. 2d 382, 660 N.E.2d 980 (1995) (*Janes II*), our supreme court stated, "When this court remanded this cause back to the trial court for compliance with Rule 604(d), it did so not because the affidavit itself was improper, but because Rule 604(d) requires that this affidavit be filed prior to making a motion to withdraw a guilty plea," and, "[T]his court ultimately ruled in *Janes I*, 158 Ill. 2d at 35, that certification must occur in the trial court prior to making the motion to withdraw the guilty plea \*\*\*." *Janes II*, 168 Ill. 2d at 389, 660 N.E.2d at 983. In *Janes I*, however, defense counsel did not attempt to file the certificate in the trial court but furnished his certificate to the State, which used the affidavit to support its argument in Janes' first appeal to our supreme court. Therefore, our supreme court did not have to decide whether a certificate filed after the hearing but before the notice of appeal could be considered harmless error or even error.

There is no question that Rule 604(d) contemplates that the certificate be filed prior to the hearing on a postplea motion. The certificate functions to provide a basis upon which the trial court can determine that the attorney has, in fact, performed his duties under the rule, and it also gives the record a clear indication of the extent of such performance, which otherwise might not adequately appear thereon. *Dean*, 61 Ill. App. 3d at 615, 378 N.E.2d at 251. It takes but a moment of the trial court's time to obtain the certificate, if the certificate has not been filed prior to the postplea hearing, to obtain one from an attorney who is then presently before it, thereby protecting the full measure of defendant's interests. Any dispute involving the accuracy of the facts stated in the attorney's certificate could be resolved and redressed by the trial court. *Dean*, 61 Ill. App. 3d at 617, 378 N.E.2d at 252; see *People v. Ritchie*, 258 Ill. App. 3d 164, 630 N.E.2d 171 (1994) (appellate court remanded for a new hearing and a new certificate, because the certificate filed in the trial court was incomplete).

■ In the case at bar, defendant does not attempt to argue how the proceedings would have been different if the certificate had been filed prior to the hearing on the motion to reduce sentence, does not attempt to argue that the full measure of his interests was not protected, and does not attempt to argue that the certificate does not comply with Rule 604(d). Nothing in the record on appeal suggests that the assistant public defender did not do what she certified that she had done. Compliance with the rule has been met. Based on the record on appeal, this court concludes that if any error occurred in this cause, such error was harmless. While Rule 604(d) requires strict compliance (*People v. Janes*, 158 Ill. 2d 27, 630 N.E.2d 790 (1994)), a literal reading of the rule does not require that the certificate be filed prior to the postplea hearing. While the rule contemplates the certificate being filed after sentence is imposed, in *People v. Sawyer*, 258 Ill. App. 3d 174, 630 N.E.2d 1294 (1994), the judgment was affirmed where the certificate and motion to withdraw guilty plea were filed prior to sentencing and only a motion to withdraw guilty plea was filed after sentencing.

■ Defendant's last contention concerns the assistant public defender's Rule 604(d) certificate. The certificate states in pertinent part, "[D]efendant offers no amendments to the Motion to Reconsider/ Reduce Sentence." Rule 604(d) states, "[D]efendant's attorney shall file with the trial court a certificate stating that the attorney *** has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." 134 Ill. 2d R. 604(d). In the case at bar, the assistant public defender is defendant's representative. Neither counsel nor defendant had any amendments to the July 11, 1995, motion to reduce sentence. The certificate merely acknowledges the right of review by defendant and the fact that defendant had no amendments to make. Clearly, there has been strict compliance with Rule 604(d).

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

GOLDENHERSH and MAAG, JJ., concur.