NO. 5-97-0182

IN THE APPELLATE COURT 

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS, )  Appeal from

Plaintiff-Appellee, )  Circuit Court of

v. )  Macon County

LASHAWN R. WILSON, )  No. 96CF174

Defendant-Appellant. )  

)  Honor­able

)  Jerry L. Patton,

)  Judge Presid­ing. 

_________________________________________________________________

JUSTICE STEIGMANN delivered the opinion of the court:

In September 1996, defendant, LaShawn R. Wilson, pleaded guilty to first degree murder (720 ILCS 5/9-1(a)(1) (West Supp. 1995)).  The trial court admonished defendant pursuant to Su­preme Court Rule 402 (134 Ill. 2d R. 402), entered judg­ment on the plea, and then sen­tenced him to 40 years in prison.  Defen­dant later filed a motion to with­draw his guilty plea, and in January 1997, the court denied that motion.

Defendant appeals, arguing that the trial court erred by (1) refusing to accept his stated wish to reinstate his plea of not guilty at the conclusion of the guilty plea hear­ing, which the court reconvened three days after defendant initially plead­ed guilty; (2) denying his motion to with­draw his guilty plea; and (3) apply­ing the truth-in-sentencing provisions of section 3-6-3 of the Unified Code of Corrections (Code) (730 ILCS 5/3-6-3 (West 1994)), as amended by Public Act 89-404 (Pub. Act 89-404, §40, eff. August 20, 1995 (1995 Ill. Laws 4306, 4323-27)), to his sen­tence.  Defen­dant also argues this court must remand to the trial court because counsel's certifi­cate violated Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)).  We affirm and remand with direc­tions.

I.  BACKGROUND

In February 1996, the State charged defendant with five counts of first degree murder.  At a hearing held September 10, 1996, defendant tendered a plea of guilty to one count in ex­change for the State's agreement to dismiss the accompanying counts and recommend no more than 40 years' imprisonment. 

At the hearing, the trial court admon­ished defen­dant regarding the possibility of a consecu­tive sen­tence as fol­lows:

"THE COURT:  If that is correct [that defen­dant was convicted of armed rob­bery in 1992 and subse­quently released on parole], any sentence that would be imposed at this time would have to be consecutive to that sentence which was imposed in 1992.  

Do you understand what the word `consec­utive' means?

THE DEFENDANT:  Yes.  I understand that it means.  By itself.  

THE COURT:  Right.  You would have to com­plete any sentence on that case and then this sentence would run after that case.  `Consec­utive' means here is one sentence, and that has to be served, and then this one has to be served after that one.  

So if they have a parole violation and they take you back on the parole violation and give you like an additional 'X' period of time, you would have to serve that before this starts to run.  

THE DEFENDANT:  I don't understand that.

THE COURT:  Well[,] what don't you un­der­stand?

THE DEFENDANT:  I am saying you say 'consecutive' if my parole is violated.

THE COURT:  If your parole is violated and they take you back and put you in the Depart­ment of Corrections to complete that term, this term won't start until that term is completed.  That's mandatory.  It has to be that way.  It can't be any other way.  That's the way the legislature has structured the law.  I don't know what the Department of Corrections is going to do, but I have to apprise you that that is a possibility.  

[STATE'S ATTORNEY:]  That might be up to them, Your Honor.  I am not sure it's manda­tory for us to make it consecutive.  It could be up to them.

THE COURT:  It's mandatory for this Court to make it consecutive.  If they vio­late him, we will have to make it consecu­tive.  So knowing that, do you wish to go ahead and proceed with your plea of guilty?

THE DEFENDANT:  Yes, sir."

After admonishing defendant, the trial court entered judgment on defendant's guilty plea and sentenced him to 40 years in prison.  At the sentencing hearing, the State's Attorney asked whether the trial court would admonish defendant that he would be re­quired to serve 100% of his sentence, pursuant to the truth-in-sentencing provisions of the Code (Pub. Act 89-404, §40, eff. August 20, 1995 (1995 Ill. Laws 4323-27) (amending 730 ILCS 5/3-6-3 (West 1994))).  Defense counsel stated that he had ex­plained that to defendant, and the court stated as follows:

    "THE COURT:  There is an aspect in the [leg­is­lation] which indicates that the Court should admonish--It's basically for the pub­lic.  It's not for the [d]efendant.  It does­n't have any impact on the [d]efendant.  It is to inform the public if they have any ques­tion on the amount of time." 

Three days later (September 13, 1996), the trial court con­duct­ed a hearing at which the court informed defendant that he would not necessarily be required to complete any unsat­isfied prior sen­tenc­es before serving the sentence in the present case.  The following colloquy occurred:

"THE COURT:  [Defendant], when you were here ear­lier, I think--I know I indicat­ed to you that any sentence the [c]ourt would have to impose was a manda­tory consecutive sentence to the case in which you were on parole on at this particular time.  I've done a little bit of research.  That is not the case.  That could be discretionary within the option of the [c]ourt.

Do you understand that?

DEFENDANT:  Yes, sir.

THE COURT:  Knowing that, do you still wish to leave stand your plea of guilty?

DEFENDANT:  No, sir.

THE COURT:  What do you wish to do?

DEFENDANT:  I wish to vacate my plea of guilty, your honor.

THE COURT:  Are we ready for trial?  Can we reallot it for Monday?"

At the hearing, the court also allowed defendant to file a 
pro
 
se
 motion to "vacate his guilty plea," in which he alleged coer­cion and inef­fec­tive assis­tance of counsel.

In December 1996, newly appointed counsel filed an amended motion to withdraw guilty plea, alleging (1) the factual basis was insufficient to support the charge; (2) defendant's guilty plea was invol­un­tary; and (3) defen­dant's trial counsel was inef­fec­tive.  Counsel also filed a certif­i­cate pursu­ant to Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)), in which he stated that he "ob­tained the trial court file from Judge Patton's court reporter and examined that file in Judge Patton's court­room."  In January 1997, the trial court conducted a hearing on defendant's motion to withdraw his guilty plea and denied it.  

II.  ANALYSIS

Defendant appeals, arguing that the trial court erred by (1) refusing to reinstate his plea of not guilty at the September 13, 1996, hearing, and (2) denying his motion to withdraw guilty plea.

A.  Defendant's Guilty Plea

Defendant first argues that the trial court violat­ed Supreme Court Rule 402 (134 Ill. 2d R. 402) by refusing to reinstate his plea of not guilty at the Septem­ber 13, 1996, hearing.  Defendant characterizes the September 13, 1996, hearing as a "reconvened guilty plea hearing," stating that the trial court clearly "reopened" the guilty plea hearing to admon­ish him as required by Rule 402 (134 Ill. 2d R. 402).  As such, he contends that his reply, "No, sir," when the court asked if he intended to "leave stand [his] plea of guilty" constituted a plea of "not guilty."  He quotes the court's words, "Are we ready for trial?  Can we reallot it for Monday?" as support for his conten­tion that the September 13, 1996, hearing was a contin­uation of the guilty plea hearing and that the guilty plea he entered on September 10, 1996, was mean­ing­less.  We disagree.

The record clearly shows that defendant entered a guilty plea at the September 10, 1996, hearing.  The trial court admon­ished him regarding the nature of the charges, the consti­tu­tional rights he would waive by pleading guilty, and the sen­tences it could impose.  It determined that no threats or promis­es were made to defen­dant in exchange for his plea and confirmed that he was not impaired by alcohol or drugs.  Thus, the court substan­tially complied with the re­quirements of Rule 402 before accept­ing defendant's guilty plea.  The court then entered judgment on the plea and imposed the agreed-upon sentence of 40 years in prison.

Moreover, defendant's own actions indicate that he be­lieved he had pleaded guilty at the Septem­ber 10, 1996, hear­ing.   On September 11, 1996, defen­dant filed a 
pro
 
se
 motion to "va­cate" his guilty plea.  

Although the trial court may have thought it was reconvening defendant's guilty plea hearing when the court began the proceedings on September 13, 1996, the court was not required to do so by any alleged deficiencies in the Rule 402 admonitions it had given to defendant three days earlier.  Thus, at the conclusion of the September 13, 1996, hearing, when defendant indicated he did not wish to adhere to his previous guilty plea, the court had discretion to view the hearing on that date as separate and apart from the earlier guilty plea hearing, and the court apparently chose to do so.

B.  Defendant's Motion To Withdraw Guilty Plea

Defendant next argues that the trial court erred by denying his motion to withdraw guilty plea because (1) the court's admonitions regarding sentencing were confusing; thus, defendant's guilty plea was not knowing and voluntary as re­quired by Rule 402 (134 Ill. 2d R. 402); (2) his trial counsel forced him to plead guilty; (3) his guilty plea was based on a misap­prehen­sion of law; and (4) his counsel violat­ed the certifi­cation require­ment of Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)).

Whether to permit a defen­dant to withdraw his guilty plea lies within the trial court's sound discretion, and a review­ing court will not disturb that decision absent an abuse of discre­tion.  
People v. Staple
, 233 Ill. App. 3d 8, 9, 598 N.E.2d 384, 386 (1992).  

1.  
The
 
Admonitions

Defendant first contends that confusion pervaded the plea proceedings to the extent that his guilty plea was unknowing and involuntary in violation of Rule 402(b) (134 Ill. 2d R. 402(b)).  He specifically claims that (1) the trial court gave inaccu­rate infor­ma­tion regarding consecutive-sentencing options; and (2) the repeated questions he asked indicated his confusion regard­ing the court's admoni­tions.

The purpose of Supreme Court Rule 402(a) (134 Ill. 2d R. 402(a)), requir­ing the trial court to give a defendant various admoni­tions before accepting a guilty plea, is to ensure that a defendant under­stands his plea, the rights he has waived by pleading guilty, and the consequences of his ac­tions.  
People v. Johns
, 229 Ill. App. 3d 740, 743, 593 N.E.2d 594, 597 (1992).  The supreme court has held that sub­stantial compliance with Rule 402 is suffi­cient.  
People v. Burt
, 168 Ill. 2d 49, 64, 658 N.E.2d 375, 382 (1995).

During the proceed­ings, defen­dant several times asked for clari­fi­ca­tion or stated that he did not under­stand something.  The record shows that each time defendant expressed confusion, the trial court clari­fied or ex­plained the issue, repeatedly inquired whether defen­dant under­stood, and did not continue until defen­dant confirmed that he under­stood.  Defendant then pleaded guilty and the following colloquy oc­curred:

"THE COURT:  And do you feel you under­stand what that means?  If you've got any questions now, I will try and answer them.

THE DEFENDANT:  I understand.

THE COURT:  You understand?

THE DEFENDANT:  Yes, sir."

For a guilty plea to be constitutionally valid, the record must affirmatively show the plea was intelligent and voluntary.  
The consti­tu­tion­al re­quire­ment is satis­fied when the trial court substan­tial­ly com­plies with Rule 402(b) (134 Ill. 2d R. 402(b)).  
Johns
, 229 Ill. App. 3d at 742, 593 N.E.2d at 596.  Here, the court admon­ished defendant on the nature of the charg­es, the constitu­tional rights he would waive by pleading guilty, and the sen­tences it could impose.  Thus, the court substan­tially complied with the re­quirements of Rule 402 before accept­ing defendant's guilty plea.  Moreover, defen­dant gave appro­pri­ate responses to ques­tions posed by the court at the plea hear­ing and specifi­cally stated that he under­stood the pleadings.  Based on this record, we conclude that the trial court did not err by deter­mining that defendant's guilty plea was knowing and volun­tary.  

Defendant also contends that the trial court contribut­ed to the confusion when it appeared to accept a plea of not guilty at the September 13, 1996, hearing--namely, when it asked "Are we ready for trial?  Can we reallot it for Monday?"  

We first note that the trial court's clarification on the issue of consec­utive sentencing was not necessary to sub­stan­tially comply with Rule 402.  Fur­ther­more, even assuming 
arguendo
 that the court's admoni­tions concerning sentencing were insuf­fi­cient, failure to proper­ly admonish defen­dant does not automat­i­cally establish grounds for reversing judgment or vacat­ing a guilty plea; whether reversal is required depends on whether real justice has been denied or whether defendant has been prejudiced by inadequate admonishment.  
People v. Davis
, 145 Ill. 2d 240, 244, 582 N.E.2d 714, 719 (1991).

Here, defendant was not prejudiced by either the trial court's initial failure to inform him that consecutive sentencing was not mandatory or its subsequent clarification.  On Septem­ber 10, 1996, defendant stated that he was willing to plead guilty even under the more stringent (albeit incorrect) sentenc­ing conditions that the court first described.  Fur­ther, the fact that the court later informed defendant it had discre­tion to impose either consec­utive or concur­rent sen­tences did not affect the sentence in any way.  At the September 10, 1996, plea pro­ceedings, the court sentenced defendant to 40 years in prison.  It did not change that sentence at the subse­quent hearing.  See 
People v. Riegle
, 246 Ill. App. 3d 270, 275, 615 N.E.2d 1232, 1235 (1993) (a defendant was not prejudiced by the court's misinform­ing him that sentencing range under one count of convic­tion was 9 to 40 years, even though it was actually 6 to 30 years, as the sentence handed down was only 14 years); 
People v. Hoyer
, 100 Ill. App. 3d 418, 420, 426 N.E.2d 1139, 1140-41 (1981) (where the trial court understates the possible maximum penalty but sentenc­es within the limits it stated, no prejudice results and defen­dant is not entitled to withdraw his guilty plea)
. 

Because defendant suffered no prejudice from the trial court's admonitions regarding sentencing, we hold that the court did not err by denying the motion to withdraw on the ground that defendant's guilty plea was involuntary.

2.  
Defendant's Claim of Misapprehension of Law

Defendant next contends that the trial court should have granted his motion to withdraw his guilty plea because he pleaded guilty based on a misapprehension of law--namely, he mistak­en­ly be­lieved he could auto­mat­i­cal­ly with­draw his plea by simply filing a motion to withdraw.  We disagree.

Generally, a trial court should grant a motion to with­draw guilty plea based on a misap­prehen­sion of law or fact when the defendant has a defense worthy of consid­er­ation, or when doubt exists as to defendant's guilt and the ends of justice would be better served by submit­ting the cause to trial.  
Staple
, 233 Ill. App. 3d at 10, 598 N.E.2d at 386.  Defen­dant bears the burden to establish that the circum­stances exist­ing at the time of plea, judged by objec­tive stan­dards, justified his mistaken impression.  
Absent sub­stantial objective proof showing that defendant's mistaken impression was reasonably justified, subjec­tive impres­sions alone are not sufficient grounds on which to vacate a guilty plea.  
People v. Artale
, 244 Ill. App. 3d 469, 475, 612 N.E.2d 910, 915 (1993).    

In this case, defendant does not claim that his attor­ney gave him incorrect information.  Further­more, the trial court de­scribed the appeal process on the re­cord, stating, in pertinent part, as fol­lows:

"[Y]ou have the right to appeal.  Before taking an appeal you would have to file with­in 30 days a written motion 
asking
 
to
 
have
 
the
 
trial
 
court
 
reconsider
 the sentence or to have the judgment vacated and a [
sic
] for leave to withdraw your plea of guilty, set­ting forth the reasons in the motion.

If
 the motion is allowed, the sentence would be modified or the plea and sentence and judgment would be vacated and trial date would be set ***."  (Emphasis added.)

Because the trial court informed defendant he would have to 
ask
 the court for leave to withdraw the plea and used the condi­tional word "if," defendant's belief that he could auto­mat­ically withdraw his plea was not reason­ably justi­fied.  Fur­thermore, the appellate court has held that where neither counsel nor the trial court induced a defendant's misunderstand­ing, the defendant's guilty plea can stand.  
People v. Murphy
, 248 Ill. App. 3d 42, 48, 618 N.E.2d 399, 403 (1993).  According­ly, we hold that the trial court did not err by denying defendant's motion to withdraw guilty plea on this basis.

3.  
Defendant's Claim of Coercion

Defendant next contends that the trial court should have granted his motion to withdraw guilty plea because his trial counsel coerced him into pleading guilty.  We dis­agree.

Defendant alleges that defense counsel told him, "Take the plea or die."  At the January 17, 1997, hearing on the motion to withdraw guilty plea, counsel admitted that, "I don't think there is any question at all about the fact that I pres­sured him into this plea, but I did it for a reason.  I did it to save his life."  He testified that, based on his research of the issues and merits of the case, he strong­ly be­lieved that if defen­dant did not accept the plea, he would be con­vict­ed and sen­tenced to death.  Counsel contin­ued to negotiate with the State and recom­mend that defen­dant should accept the plea.  Neverthe­less, he left the final decision up to defendant.  He testified that it has to be defendant's choice "to take the risk or take the plea."   It is well settled in Illinois that an attorney's honest assess­ment of a defendant's case may not be the basis for holding a guilty plea involun­tary.  
In fact, given the consider­able evi­dence against defendant in this case, counsel owed defen­dant a duty to inform him of the proba­bility of out­comes if defendant chose to proceed to trial.  
People v. Bien
, 277 Ill. App. 3d 744, 751, 661 N.E.2d 511, 516 (1996).  Accord­ingly, we hold that the trial court did not err by denying the motion to with­draw guilty plea based on defendant's allega­tions that trial counsel coerced him into pleading guilty.

4.
  
The Rule 604(d) Certificate

Defendant next contends that this court must remand to the trial court for the filing of a new motion to with­draw guilty plea and a new hearing on the motion because his counsel failed to follow the mandatory certif­i­cate re­quire­ments governing a guilty plea, pursuant to Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)).  Specifically, defen­dant contends that counsel failed to aver he examined the report of proceedings of the guilty plea.   Rule 604(d) sets forth defense counsel's duties regard­ing preparing and presenting a motion to withdraw guilty plea, and provides a simple, straightforward, and mandatory procedure de­signed to insure that those duties are performed and, thus, defendant's due process rights are protected.  
People v. Dickerson
,  212 Ill. App. 3d 168, 171, 570 N.E.2d 902, 904 (1991).  It provides, in pertinent part, as follows:

"The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain his contentions of error in the sentence or the entry of the plea of guilty, has examined the trial court file and 
report
 
of
 
pro­ceed­ings
 of the plea of guilty, and has made any amend­ments to the motion necessary for adequate presentation of any defects in those pro­ceed­ings."  (Em­pha­sis add­ed.)  145 Ill. 2d R. 604(d).

The supreme court designed Rule 604(d) to meet a specif­ic need--namely,

"to eliminate needless trips to the appellate court and to give the trial court an opportu­ni­ty to consider the alleged errors and to make a record for the appellate court to consider on review in cases where defendant's claim is disallowed."  
People v. Wilk
, 124 Ill. 2d 93, 106, 529 N.E.2d 218, 223 (1988). 

The supreme court requires strict compliance with the certifi­cate requirement of Rule 604(d).  
People v. Janes
, 158 Ill. 2d 27, 32, 630 N.E.2d 790, 792 (1994). 

In 
People v. Shirley
, 284 Ill. App. 3d 734, 738, 672 N.E.2d 1340, 1343 (1996), the certificate stated, in perti­nent part, "[D]efendant offers no amend­ments to the Motion to Recon­sid­er/Reduce Sen­tence."  The appellate court held this lan­guage strict­ly com­plied with Rule 604(d)'s re­quire­ment that the certif­icate state the attorney "has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings."  
Shirley
, 284 Ill. App. 3d at 738, 672 N.E.2d at 1343.

In his Rule 604(d) certificate, counsel stated that he "ob­tained the trial court file from Judge Patton's court reporter and examined that file in Judge Patton's court­room."  He did not expressly state he had examined the "report of proceedings."

Nonetheless, we agree with the State's contention that defense counsel's certif­i­cate com­plied with Rule 604(d) because the certificate referred to a particular file and that file contained the report of proceed­ings.  The record shows on Septem­ber 20, 1996, the court reporter certi­fied the tran­scripts of the guilty plea hearing and the September 13, 1996, hearing.  Because the usual procedure would have been for the court report­er to place the transcripts of those hear­ings in the court file, the file to which counsel referred in the Rule 604(d) certif­i­cate would have likely con­tained the "report of pro­ceed­ings."  

Thus, i
n this case, the record establishes that defense counsel did fulfill his duty in preparing and pre­sent­ing the motion to withdraw guilty plea.  Although the certif­icate was inartfully worded, based on the record in this case, we conclud­e that defense counsel complied with the requirements of Rule 604(d) by referring to the specific file he obtained from the court reporter that contained the report of proceedings.     

Moreover, we note that the record here confirms that counsel did indeed examine the report of proceedings because he referred to the transcript of the plea hearing (Sep­tember 10, 1996) and the Septem­ber 13, 1996, hearing both in the amended motion to with­draw the guilty plea and at the January 17, 1997, hearing on the motion.  We also note that this issue could have been avoided entire­ly had counsel used more precise language in drafting the Rule 604(d) certifi­cate, and we urge all attor­neys to be meticu­lous in drafting such certifi­cates.

C.  Truth-in-Sentencing Provisions

Last, defendant argues that he should receive credit toward his sentence for good conduct.  Specifically, he contends that the truth-in-sen­tenc­ing provi­sions of section 3-6-3 of the Code (Pub. Act 89-404, §40, eff. August 20, 1995 (1995 Ill. Laws 4323-27) (amending 730 ILCS 5/3-6-3 (West 1994))--which bar him from receiv­ing credit for good conduct--violate the single subject rule of the Illi­nois Consti­tu­tion (Ill. Const. 1970, art. IV, §8(d)).  We agree. 

The single subject rule provides as follows:  "Bills, except bills for appropriations and for the codification, revi­sion[,] or rearrangement of laws, shall be confined to one subject."  Ill. Const. 1970, art. IV, §8(d).  The rule prohibits the inclusion of discordant provisions that are unrelated to each other.  
Johnson v. Edgar
, 176 Ill. 2d 499, 514-15, 680 N.E.2d 1372, 1379 (1997).  

Public Act 89-404, which amended section 3-6-3 of the Code, con­tains the truth-in-sentenc­ing provi­sions as well as eight other sec­tions of the Act which address some aspect of the crimi­nal justice system.  Because these nine sections all concern crimi­nal law or proce­dure, they comply with the single subject rule when liber­al­ly con­strued.  However, section 10 amends the Hospi­tal Lien Act (Pub. Act 89-404, §50, eff. August 20, 1995 (1995 Ill. Laws 4336-37) (amending 770 ILCS 35/1, 2 (West 1994))), provid­ing a mecha­nism for non­prof­it hospi­tals and hospi­tals operated by a unit of local government to file a lien upon claims and causes of actions of injured persons who have been treated by such hospi­tals for the payment of their treat­ment.  Because section 10 of the Act is totally unre­lat­ed to the first nine sec­tions, we hold that Public Act 89-404 violates the single subject rule and is therefore invalid.  See 
People v. Pitts
, No. 4-97-0071, slip op. at 12-13 (March 2, 1998), ____ Ill. App. 3d ____, ____, ____ N.E.2d ____, ____.  

The effect of enacting an unconstitutional amendment to a statute is to leave the law in force as it was before the adoption of the amendment.  
People v. Gersch
, 135 Ill. 2d 384, 390, 553 N.E.2d 281, 283 (1990).  Accordingly, section 3-6-3 of the Code (730 ILCS 5/3-6-3 (West 1994)) applies to defen­dant and he is eligible for day-for-day good-time credit as provid­ed in section 3-6-3 of the Code prior to any truth-in-sentenc­ing amendments added thereto.  730 ILCS 5/3-6-3 (West 1994).  

III.  CONCLUSION

For the reasons stated, we affirm the trial court's judg­ment and remand with directions that the court amend the sentencing order to reflect that defendant is eligible for day-for-day good-time credit as provided in section 3-6-3 of the Code prior to any truth-in-sentencing amendments added thereto.

Affirmed and remanded with directions.

GREEN, J., concurs. 

McCULLOUGH, J., dissents.

JUSTICE McCULLOUGH, dissenting:

I disagree with the majority as to the first issue raised by the defendant.  The trial court erred in refusing defendant's stated desire to plead not guilty.

I do agree that the hearing held September 10, 1996, sub­stantially complied with Rule 402(b).  The record shows a 
pro
 
se
 motion filed September 11, 1996, by defendant to withdraw his plea of guilty based upon ineffectiveness of counsel.  The record also shows five other 
pro
 
se
 motions purported to have been signed by defendant on September 11, 1996, but none of these show a clerk's file stamp.

On September 13, 1996, the State's Attorney and defen­dant and his attorney were before the court.  The record does not indicate at whose behest the hearing was held although defendant's amended motion to withdraw states the hearing was at the request of the State's Attorney.  The apparent purpose of the hearing was to admonish defendant anew as to the option of a consecutive sentence.  The colloquy shows:

"THE COURT:  *** Do you understand that?

THE DEFENDANT:  Yes, sir.

THE COURT:  Knowing that, do you still wish to leave stand your plea of guilty?

THE DEFENDANT:  No, sir.

THE COURT:  What do you wish to do?

THE DEFENDANT:  I wish to vacate my plea of guilty, Your Honor.

THE COURT:  Are we ready for trial?  Can we real­lot it for Monday?

MR. AHOLA:  Well I have about 50 witness­es I called off already.

MR. MORTHLAND:  We have also called off the wit­ness for us."

As the majority suggests, the trial court may have thought it was reconvening defendant's guilty plea hearing on September 13, 1996.  We should not hold the defendant to a higher standard.  The record is clear that when asked if he wished to leave stand his plea of guilty, defendant responded, "No, Sir," and "I wish to vacate my plea of guilty, your honor."  This is no different than the usual case when a defendant states his plea of guilty, the court admonishes defendant and again asking defen­dant, do you persist in your plea of guilty, he answers no.  As the record shows, the trial court asked counsel as to trial readi­ness, "Can we reallot it for Monday?"  Both the State's Attorney and defendant's attorney answered that they had excused their wit­nesses from coming in.  The record suggests the trial court accepted the plea of not guilty and reallotted the case for jury trial.

I am unaware of a case with a similar factual setting where, at the request of the State's Attorney, a new admonition hearing is held as to the possible penalty and upon questioning by the trial court, "Do you still wish to leave stand your plea of guilty" he answers, "No, Sir."  I suggest the hearing of Septem­ber 13 should not be considered separate from the September 10 hearing as to the Rule 402 hearing.  There simply is not a confirmed guilty plea.  Under the facts of this case, the trial court did abuse its discretion in refusing to allow defendant to withdraw his plea of guilty.