THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. EDWARD DEAN RITCHIE, Defendant-Appellant.

Second District   No. 2—92—1131

Opinion filed March 2, 1994.

G. Joseph Weller and Thomas A. Lilien, both of State Appellate Defender's Office, of Elgin, for appellant.

Michael P. Coghlan, State's Attorney, of Sycamore (William L. Browers and Cynthia N. Schneider, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE COLWELL delivered the opinion of the court:

Defendant, Edward Dean Ritchie, appeals the circuit court's order denying his motion to withdraw his guilty plea and vacate his conviction of one count of armed robbery (Ill. Rev. Stat. 1991, ch. 38, par. 18—2(a) (now 720 ILCS 5/18—2(a) (West 1992))). Defendant contends that the order must be reversed where the record does not demonstrate that his counsel complied with Supreme Court Rule 604(d) (134 Ill. 2d R. 604(d)).

Defendant was charged by complaint with one count of armed robbery and two counts of conspiracy to commit armed robbery. In preliminary proceedings, assistant public defender Robert Carlson represented defendant. On November 14, 1990, defendant, while represented by Assistant Public Defender Mike Herrmann, pleaded

guilty to armed robbery. In exchange for his plea, defendant was to receive a 14-year sentence and the conspiracy counts would be nol-prossed. Also as part of the agreement, defendant would plead guilty to a pending charge of conspiracy to commit armed robbery in Ogle County in exchange for a three-year, concurrent sentence. Defendant would not be charged in connection with an Ogle County burglary at Binger's Tap. In response to the court's admonishments, defendant stated that he understood the rights he was waiving by pleading guilty and that no one had made any promises or threats to induce him to plead guilty.

The factual basis for the plea was that defendant instructed Brian Lange on how to commit an armed robbery at Hickey's Corner Store in Malta. Defendant provided Lange with a gun that belonged to defendant's mother. Lange, with codefendant Richard Holden, subsequently did rob Hickey's Corner Store. Lange and Holden split the proceeds of the robbery with defendant.

The court accepted defendant's plea and sentenced him to a 14-year term of imprisonment, as provided in the agreement. The following day, defendant pleaded guilty to the Ogle County conspiracy charge.

On December 12, 1990, Herrmann filed a motion to withdraw defendant's guilty plea. Assistant Public Defender Edmund Fuertges filed an appearance on defendant's behalf on October 2, 1991, and a second appearance on July 14, 1992. On August 7, 1992, Fuertges filed a document entitled "Affidavit of Attorney." In his affidavit, Fuertges alleges:

"1. I am the attorney for the defendant, EDWARD DEAN RITCHIE.

2. That over the past two months I have written and spoken with the defendant.

3. That I have admonished him of all aspects of this Motion to Vacate his pleas in De Kalb and Ogle [C]ounties and of all issues he wishes raised.

4. That all issues raised are set forth in the filed documents of this court and the transcripts presented.

5. That the defendant wishes to pursue this motion."

Fuertges also filed defendant's affidavits in support of the motion.

On September 11, 1992, the court conducted a hearing on the motion at which defendant was represented for the first time by De Kalb County Public Defender Kathy Kushnir. The court denied the motion, and defendant timely appealed.

Defendant's sole contention on appeal is that his attorneys failed to comply with Supreme Court Rule 604(d). He argues that the

attorney who actually represented him at the hearing, Kathy Kushnir, never filed the required certificate, and that Fuertges' filing of the affidavit cannot be imputed to her. Defendant also appears to contend that Fuertges' affidavit is not a proper Rule 604(d) certificate. Defendant asks that the court's order denying his motion to withdraw his guilty plea be vacated and the cause remanded for a new hearing. The State responds that Fuertges' affidavit sufficiently complied with the rule.

Rule 604(d) provides that when a defendant files a motion to withdraw his guilty plea, his attorney:

> "shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain his contentions of error in the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." 134 Ill. 2d R. 604(d).

This court has repeatedly insisted on strict compliance with the rule. (See *People v. Davis* (1994), 255 Ill. App. 3d 647, 648 (and cases cited therein).) The filing of a certificate is a condition precedent to a hearing on a motion to withdraw a guilty plea and the failure to file a certificate may be deemed reversible error. (*Davis*, 255 Ill. App. 3d at 648.) The supreme court has recently reaffirmed the requirement of strict compliance with Rule 604(d). *People v. Janes* (1994), 158 Ill. 2d 27, 33.

The procedure followed in this case did not comply strictly with Rule 604(d). Initially, Fuertges' affidavit fails to meet the certification requirement. Although the affidavit states that Fuertges communicated with defendant, it does not state that the attorney spoke with defendant concerning his contentions of error. The affidavit also does not allege that the attorney reviewed the court file and the report of proceedings or that he made any necessary amendments to the motion. While some of these elements can arguably be read into the affidavit by implication, given the Illinois courts' insistence on strict compliance with the rule, we cannot find that the affidavit filed below was adequate.

Moreover, the affidavit was not filed by the attorney who actually represented defendant at the hearing. Defendant argues that one purpose of the rule is to assure that all of defendant's viable contentions of error are presented to the court. He contends that this purpose is frustrated where the record does not reflect that the attorney actually conducting the hearing complied with the rule.

The State points out that Fuertges apparently was an employee

of Kushnir's office and contends that his knowledge should be imputed to Kushnir. However, there is no indication in the record that Kushnir ever consulted with either Fuertges or defendant. The purpose of the rule is frustrated if an affidavit by an attorney who no longer represents defendant is deemed adequate compliance with the rule. The supreme court noted that strict compliance eliminates controversies like the present one concerning whether there has been substantial compliance. *Janes*, 158 Ill. 2d at 35.

Finally, the State contends that if defendant's attorneys failed to comply with Rule 604(d), we should dismiss the appeal rather than remand the cause for a new hearing. The supreme court explicitly rejected this contention and adopted the procedure followed by this court of remanding the cause for a new hearing. *Janes*, 158 Ill. 2d at 34-35, citing *People v. Dickerson* (1991), 212 Ill. App. 3d 168, 171.

We conclude that defendant's counsel failed to comply strictly with the requirements of Rule 604(d). Therefore, we reverse the order denying defendant's motion to withdraw his guilty plea and remand the cause for a new hearing. If necessary, defendant should be permitted to file a new motion.

For the foregoing reasons, the circuit court's order is reversed, and the cause is remanded.

Reversed and remanded.

DOYLE and PECCARELLI, JJ., concur.