NO. 4-02-0686

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from

Plaintiff-Appellee, ) Circuit Court of

v. ) Champaign County­

TROI STARKS, ) No. 01CF1011

     Defendant-Appellant. )

) Honorable

) John G. Townsend,

) Judge Presid­ing.

JUSTICE MYERSCOUGH delivered the opinion of the court:

Defendant, Troi Starks, appeals from a final judgment of conviction on his plea of guilty to one count of armed robbery and sentence of 20 years in prison.  We affirm as modified and remand with directions.

I. BACKGROUND

On October 4, 2001, defendant pleaded guilty to one count of armed robbery with a dangerous weapon (720 ILCS 5/18-2(a)(2) (West 2000)) as part of an open plea agreement with the State.  The State agreed to dismiss six other counts in the indictment.  On November 5, 2001, the trial court sentenced defendant to 20 years in the Department of Corrections (DOC).

Defendant later filed a notice of appeal and sent a letter to the trial judge alleging ineffective assistance of trial counsel and seeking a sentence reduction.  He alleged that his trial counsel, the public defender, had told defendant that the sentence would be 10 to 15 years rather than 20 years and that no witnesses that defendant wanted to testify were called at the sentencing hearing.

On December 18, 2001, the trial court held a hearing as a result of that letter and granted the public defender's motion to withdraw based upon defendant's allegation of ineffective assistance of counsel.  New counsel was appointed, and on February 8, 2002, defendant filed a motion to withdraw plea.  On August 12, 2002, defendant's new counsel filed a "[c]ertificate of [c]ompliance with Rule 604(d)," which stated:

"I [,] the undersigned attorney [,] hereby certify that I have consulted by mail and in person to learn his contentions of error and I have been furnished a copy of the transcripts of the proceedings of the plea hearing and the sentencing of the defendant and the file in this matter.  I have filed the appropriate [m]otion to [w]ithdraw.  Respectfully [s]ubmitted, Troi Starks By David N. Rumley [,] his attorney[.]"

The trial court denied defendant's motion to withdraw his plea or alternatively to reduce his sentence.  This appeal follows.

II. ANALYSIS

A. The Record Shows Strict Compliance With the Certificate Requirement of Rule 604(d)

Legal questions on trial court compliance with supreme court rules
 are reviewed 
de
 
novo
.  
People v. Hayes
, 336 Ill. App. 3d 145, 147, 782 N.E.2d 787, 789 (2002).

Supreme Court Rule 604(d) states:

"The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain defendant's contentions of error in the sentence or the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings."  188 Ill. 2d R. 604(d).

In 
People v. Janes
, 158 Ill. 2d 27, 630 N.E.2d 790 (1994), our supreme court has interpreted the rule strictly:  

"[A] rule that counsel need not strictly comply merely generates disputes on review, like the instant one, over whether the record shows that there has been substantial compliance with the provisions of Rule 604(d).  Accordingly, where the record herein does not show strict compliance with the certificate requirement of Rule 604(d), we reverse that portion of the trial court's judgment denying defendant's motion to withdraw his guilty plea."  
Janes
, 158 Ill. 2d at 35, 630 N.E.2d at 793.

Since
 
Janes
, the appellate courts have struggled
 with strict compliance with Rule 604(d) when faced with a record showing actual compliance with Rule 604(d).  Clearly, if the record demonstrates that the purpose of Rule 604(d) is satisfied,  remand for a word change when no specific form has been mandated by opinion, order, or rule is a waste of judicial resources.  

This
 does not ignore
 the supreme court's reaffirmation of 
Janes
 in 
People v. Shirley
, 181 Ill. 2d 359, 370-71, 692 N.E.2d 1189, 1195 (1998), or signal
 a return to an analysis of whether failure to comply with Rule 604(d) was harmless or prejudicial.

The State cites 
People v. Wyatt
, 305 Ill. App. 3d 291, 712 N.E.2d 343 (1999), for the proposition that the words used in the certificate need not be synonymous so long as the record clearly demonstrates, on its face, strict compliance with Rule 604(d):  "The certificate need not recite word for word the verbiage of the rule."  
Wyatt
, 305 Ill. App. 3d at 297, 712 N.E.2d at 347-48.  The State is correct that 
Wyatt
 stands for the proposition that "[a] Rule 604(d) certificate functions as a basis upon which the trial court can determine that defense counsel has performed his duties under the rule and gives the record a clear indication of the extent of counsel's performance."  
Wyatt
, 305 Ill. App. 3d at 297, 712 N.E.2d at 347.

Here, defendant argues the Rule 604(d) certificate is flawed because it states only "furnished a copy of the transcripts," but does not state that defense counsel had "examined the trial court file and report of proceedings of the plea of guilty (188 Ill.2d R. 604(d))."  However, the record and transcript of the proceedings in the trial court clearly demonstrate strict compliance.  The motion to withdraw the guilty plea specifically references receipt of the record of the sentencing hearing, to wit:  

"5.  On or about January 17, 2002, [d]efendant's counsel received the record of [d]efendant's sentencing hearing conducted November 05, 2001.

***

7.  That the court gave insufficient weight to the mitigation evidence and arguments at sentencing.

8.  That the court gave excessive weight to the biased and misleading aggravation evidence and argument at sentencing."

Moreover, 
the transcript was used by the State to cross-examine defendant and was admitted as an exhibit during the hearing without objection by defendant's counsel.  Defendant's counsel actively participated in the hearing on the motion to withdraw the guilty plea, and,
 at the conclusion of that hearing, in open court, 
defendant's counsel filed his Rule 604(d) certificate.  Indeed, defendant was present and in counsel's company throughout the hearing.  Defense counsel's questions show knowledge of the transcript
 and of defendant's arguments.  

We agree with the supreme court's
 concern that disputes on review should not degenerate into questions over whether the record shows substantial compliance.  
Janes
, 158 Ill. 2d at 35, 630 N.E.2d at 793.  Further, we noted in 
People v. Edwards
, 228 Ill. App. 3d 492, 499, 592 N.E.2d 591, 595 (1992), "although this rule is one to be complied with by defense counsel, the trial courts can help ensure that compliance is met."  We would add that it is also in the interest of the State to ensure that strict compliance is observed as the State also has an interest in avoiding a failure to comply with Rule 604(d).

The State
 relies on our decision in 
People v. Wilson
, 295 Ill. App. 3d 228, 692 N.E.2d 422 (1998
), arguing an inartfully worded certificate satisfies the requirements of Rule 604(d) where the record shows the transcript of the proceedings in the court file and defense counsel's reference in argument thereto.   In 
Wilson
, the Rule 604(d) certificate stated that counsel had "'obtained the trial court file from Judge Patton's court reporter and examined that file in Judge Patton's courtroom.'"  
Wilson
, 295 Ill. App. 3d at 238, 692 N.E.2d at 429.  Further, the appellate court found the court reporter's "usual procedure would have been *** to place the transcripts of those hearings in the court file, the file to which counsel referred in the Rule 604(d) certificate would have likely contained the ‛report of proceedings.'"  
Wilson
, 295 Ill. App. 3d at 238-39, 692 N.E.2d at 429. 
 (We note the 
Wilson
 court assumes the usual court reporter procedure.)
  We find, nonetheless, the actual record in the
 case at bar sufficient to affirm.  However,
 we note here also that neither the November 5, 2001, report of proceedings of defendant's sentencing hearing nor the August 12, 2002, report of proceedings of the hearing on defendant's motion to withdraw his guilty plea
 bears file stamps to show 
they have been filed in the Sixth Judicial Circuit, although they are in this court's file.  Further, the docket sheet fails to evidence the filing of the Rule 604(d) certificate, although the certificate is file stamped, was submitted in open court as evidenced by the transcript, and is also in the court file.   

We find that review of the record in total in this case, including the transcript of proceedings and the Rule 604(d) certificate, demonstrate
 compliance with the requirement of the Rule 604(d).

B. Amendment of Judgment of Sentence

Defendant alleges and the State concedes that the judgment of sentence in this case is erroneous in that it does not reflect that count IV was amended at the guilty plea hearing by striking "firearm, namely: a handgun" and inserting "dangerous weapon."  Further, the statutory citation should be changed to a violation of section 18-2(a)(1) (720 ILCS 5/18-2(a)(1) (West 2000)) from section 18-2(a)(2) (720 ILCS 5/18-2(a)(2) (West 2000)).

Supreme Court Rule 615(b) (134 Ill. 2d R. 615(b)) gives the appellate court the power to modify any judgment or order from which the appeal is taken.  A mistake in a judgment of sentence is not reversible error but may be corrected at any time.  
People v. Pittman
, 75 Ill. App. 3d 683, 689, 394 N.E.2d 702, 706 (1979).  We, therefore, modify and remand and direct the trial court to correct
 the judgment of sentence of 
to 
say:  "720 ILCS 5/18-2(a)(1)."

C. Defendant's Sentence Was Not Excessive

Defendant further argues that his 20-year prison sentence 
for armed robbery was excessive in light of his strong rehabilitative potential, his age, his remorse, his efforts to improve himself, and the lack of physical injuries among the victims.  

A reviewing court has the power and authority under Supreme Court Rule 615(b)(4) (134 Ill. 2d R. 615(b)(4)) to reduce a sentence imposed by the trial court found to have constituted an abuse of discretion.  
People v. Center
, 198 Ill. App. 3d 1025, 1032, 556 N.E.2d 724, 728 (1990).

An abuse of discretion includes imposition of a sentence that is in violation of the principles of the disproportionate-penalties clause.  
People v. Stacey
, 193 Ill. 2d 203, 209-10, 737 N.E.2d 626, 629 (2000).  Where a sentence falls within statutory guidelines, it will not be disturbed on review unless it is manifestly disproportionate to the nature of the case.  
People v. Kerkering
, 283 Ill. App. 3d 867, 872, 671 N.E.2d 368, 372 (1996).  The sentencing range for armed robbery with a dangerous weapon is 6 to 30 years.  730 ILCS 5/5-8-1(a)(3) (West 2000).  Defendant received a 20-year prison sentence.  The sentence the trial court imposed here clearly falls within the statutory guidelines.  The record shows that the trial judge considered both defendant's admission of guilt and his substance abuse as mitigating factors and his criminal history, threat of serious harm to others, and the need for deterrence as aggravating factors.  No abuse of discretion has been demonstrated.

Therefore, we 
affirm the sentence the trial court imposed.

III. CONCLUSION

We affirm defendant's conviction and sentence as modified and
 remand with direction that the judgment of sentence be amended to reflect defendant's conviction of armed robbery with a dangerous weapon under section 18-2(a)(1) (720 ILCS 5/18-2(a)(1) (West 2000)).

Affirmed as modified and remanded with directions.

COOK and TURNER, JJ., concur.