No. 2--03--0681

______________________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

______________________________________________________________________________

THE PEOPLE OF THE STATE

OF ILLINOIS,

Plaintiff-Appellee,

v.

ANTWON L. DISMUKE,

Defendant-Appellant.

)

)

)

)

)

)

)

)

)

)

Appeal from the Circuit Court

of Kane County.

Nos. 01--CF--2260

99--CF--1189

Honorable

Robert B. Spence,

Judge, Presiding.

______________________________________________________________________________

JUSTICE KAPALA delivered the opinion of the court:

On October 10, 2001, defendant, Antwon L. Dismuke, entered into negotiated plea agreements and pleaded guilty to two charges of delivery of a controlled substance (720 ILCS 570/401(d) (West 2000)).  As agreed, he was sentenced to four years' imprisonment for each conviction, to run consecutively.  On November 9, 2001, defendant filed a 
pro se
 motion to withdraw his guilty plea on one conviction, and with the assistance of appointed counsel, subsequently amended his motion.  The trial court granted the motion to withdraw, but ordered the pleas on both convictions to be withdrawn.  Upon reconsideration after a hearing, however, the court denied defendant's motion, because the motion did not include any affidavits as to those facts upon which the motion was based but which were outside the record.  Defendant then filed an amended motion, to which defense counsel attached a certificate pursuant to Supreme Court Rule 604(d) (188 Ill. 2d R. 604(d)).  On May 23, 2003, the court denied the motion, and defendant appeals.  Defendant argues that the trial court's order should be reversed because defense counsel's Rule 604(d) certificate was deficient, and because defense counsel was ineffective.  Because the Rule 604(d) certificate was deficient, the trial court's order is reversed, and this cause is remanded.

Defense counsel's signed Rule 604(d) certificate reads as follows:

"I, JOHN A. BARSANTI, appointed counsel for the Defendant hereby state as follows:

1. I have consulted with the Defendant;

2. I have examined the Court file, and;

3. I have reviewed the report of proceedings."

Defendant argues that the certificate was deficient for three reasons.  First, it omits any mention of making any amendments to defendant's motion that were necessary to adequately present any defects in the proceedings.  Second, although it states that defense counsel consulted with defendant, it does not state the subject of the consultation.  Third, although it states that defense counsel examined the court file and the report of proceedings, it does not specify that counsel reviewed the report of proceedings of the guilty plea.

When a defendant moves to withdraw a negotiated guilty plea, Rule 604(d) requires defense counsel to

"file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain defendant's contentions of error in the sentence or the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings."  188 Ill. 2d R. 604(d).

Such certification assures the trial court that the defense counsel has reviewed the defendant's claim and has considered all of the relevant bases for a motion to withdraw a guilty plea.  
People v. Linder
, 186 Ill. 2d 67, 69 (1999).  When a defendant has not waived counsel, defense counsel's filing of a Rule 604(d) certificate is a condition precedent to a hearing on the defendant's motion to withdraw a plea of guilty and to vacate the judgment.  
People v. Dickerson
, 212 Ill. App. 3d 168, 171 (1991).  Consequently, strict compliance with Rule 604(d) is required.  
Linder
, 186 Ill. 2d at 69; 
People v. Shirley
, 181 Ill. 2d 359, 371 (1998); 
People v. Janes
, 158 Ill. 2d 27, 32 (1994).  Compliance with supreme court rules is reviewed 
de novo
.  
People v. Hall
, 198 Ill. 2d 173, 177 (2001).

In this case, defense counsel did not strictly comply with Rule 604(d), because the certificate was deficient on its face.  Defense counsel failed to certify that he made amendments to the motion that were necessary for the adequate presentation of any defects in the proceedings.  This omission violated the clear language of the rule, and in the absence of such a certification, the presumption must be that counsel failed to make the requisite amendments.  Indeed, counsel had good reason not to certify that the necessary amendments had been made to the motion, because he failed to attach the documents containing the facts upon which the motion was based.  Failing to attach those necessary documents does not make for an adequate presentation of the defects in the proceedings.  Furthermore, this omission causes this court to be unsure whether defense counsel considered all of the relevant bases for defendant's motion to withdraw his guilty plea.  See 
Linder
, 186 Ill. 2d at 69.

Although this court has held that the attorney's "certificate need not recite word for word the verbiage of the rule," the certificate must give some indication that counsel performed the duties required under Rule 604(d).  
People v. Wyatt
, 305 Ill. App. 3d 291, 297 (1999).  Failure to do so causes a deficiency in the certificate.

In this case, the State nevertheless argues that, although the certificate did not refer to any amendments, the motion itself demonstrates actual compliance with Rule 604(d) by referencing documents containing the facts upon which the motion was based and by stating that they were attached, even though they were not.  Citing a Fourth District case, 
People v. Starks
, 344 Ill. App. 3d 766 (2003), 
appeal denied
, 208 Ill. 2d 553 (2004), the State posits that, although a certificate does not state that counsel performed one of the tasks required by Rule 604(d), an attorney complies with the certificate requirement when the record demonstrates counsel's compliance.  This court refuses to subscribe to the State's proposition, because it is contrary to the "strict compliance" mandate of the supreme court.

In 
Starks
, 344 Ill. App. 3d at 769-70, the Fourth District found that a review of the complete record demonstrated that the attorney complied with the requirements of Rule 604(d), even though the attorney failed to certify that he had examined the trial court file and the report of proceedings of the guilty plea.  The record showed that the attorney received the transcripts, which were used by the State to cross-examine the defendant and were admitted into evidence at a hearing, during which the attorney asked questions that showed a knowledge of the transcripts.  
Starks
, 344 Ill. App. 3d at 769-70.  Based on the record, the court found strict compliance with Rule 604(d), reasoning that if the record demonstrates that the purpose of Rule 604(d) is satisfied, remand for a word change is a waste of judicial resources.  
Starks
, 344 Ill. App. 3d at 769.

To the contrary, a waste of judicial resources occurs when, as a result of an attorney's deficient certificate, an appellate court must scour through the record to determine whether that attorney actually complied with Rule 604(d), even though strict compliance with that rule's certification requirements would prevent such waste.  Rule 604(d) sets forth the duties of a defense counsel and provides a simple, straightforward, and mandatory procedure designed to insure that those duties are performed.  
Dickerson
, 212 Ill. App. 3d at 171.  The supreme court rules are not suggestions but, rather, rules of procedure, and it is incumbent upon counsel and the courts to follow them.  
People v. Wilk
, 124 Ill. 2d 93, 103 (1988).  Moreover, strictly complying with the certificate requirement will not place an onerous burden on a defense counsel.  
Dickerson
, 212 Ill. App. 3d at 171.  Even the Fourth District acknowledges that the trial courts can help to ensure that defense attorneys comply with the certificate requirement, and that "it is also in the interest of the State to ensure that strict compliance is observed as the State also has an interest in avoiding a failure to comply with Rule 604(d)."  
Starks
, 344 Ill. App. 3d at 770.  Strict compliance eliminates unnecessary appeals (
Dickerson
, 212 Ill. App. 3d at 171) and controversies concerning whether the record demonstrates substantial compliance (
People v. Ritchie
, 258 Ill. App. 3d 164, 167 (1994)).  Therefore, requiring strict compliance with the simple certification requirements of Rule 604(d) is in the best interests of the parties and the judicial system.

This court repeatedly has insisted upon strict compliance with Rule 604(d) (
Ritchie
, 258 Ill. App. 3d at 166), and there is no reason to relax this standard now.  Consequently, we hold that defense counsel in this case filed a deficient Rule 604(d) certificate, because the certificate failed to state that the attorney made any necessary amendments to the motion.

We hold further that the certificate is also deficient for the second and third reasons advanced by defendant.  In 
Ritchie
, the certificate at issue included a statement that the attorney wrote to and spoke with the defendant.  However, in finding that the certificate was deficient, this court noted that, "[a]lthough the affidavit states that [the attorney] communicated with defendant, it does not state that the attorney spoke with defendant concerning his contentions of error."  
Ritchie
, 258 Ill. App. 3d at 166.  The certificate filed in this case is similarly deficient.  In his certificate, defense counsel avers that he has "consulted with defendant," but he does not indicate the subject matter of this consultation.  In 
People v. Mast
, 305 Ill. App. 3d 727, 734-35 (1999), this court held that an attorney's certification was deficient because it failed to include a statement showing that the attorney had examined the transcript of the guilty plea hearing, as required by the rule.  The certificate in that case stated that the attorney had " 'examined the trial court file and report of proceedings of the sentencing hearing.' "  
Mast
, 305 Ill. App. 3d at 734.  The State, asserting that strict compliance " 'does not necessarily mean literalistic compliance which ignores the reality of the situation at bar,' " argued that the certification satisfied the purpose of Rule 604(d), because the attorney examined the trial court file, which contained the transcripts of the guilty plea hearing, and because the attorney had represented the defendant at that hearing.  
Mast
, 305 Ill. App. 3d at 733, 735.  The court rejected this argument, deciding instead to follow the policy made emphatically clear by the supreme court: that strict compliance with each of the provisions set forth in Rule 604(d) is required.  
Mast
, 305 Ill. App. 3d at 735.  Like the certificate filed in 
Mast
, the certificate filed in this case is deficient because it contains no statement that the report of proceedings reviewed was of the plea hearing.

Although the broad language of the certificate can be read to imply that defense counsel did consult with the defendant to ascertain defendant's contentions of error and did examine the report of proceedings of the guilty plea, we refuse to make such implications, in light of the need for strict compliance with the rule.  
Ritchie
, 258 Ill. App. 3d at 166.  The trial court's denial of defendant's motion, therefore, must be reversed.  
Linder
, 186 Ill. 2d at 69.  The remedy for the failure to strictly comply with Rule 604(d) is a remand to the circuit court for the filing of a new motion and for a new hearing on the motion.  
Janes
, 158 Ill. 2d at 33; 
Ritchie
, 258 Ill. App. 3d at 167.

This cause is remanded solely on the ground that the certification was deficient.  As a result, this court need not address defendant's arguments regarding ineffective assistance of counsel.

The order of the circuit court of Kane County is reversed, and this cause is remanded.

Reversed and remanded.

BOWMAN and HUTCHINSON, JJ., concur.