2020 IL App (2d) 170893-U
No. 2-17-0893
Order filed June 29, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 17-CF-784 |
| RYAN M. ALTON, | ) ) ) | Honorable Liam C. Brennan |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE BIRKETT delivered the judgment of the court.
Justices Hutchinson and Schostok concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Defense counsel's Rule 604(d) certificate was invalid, as it referred to a nonexistent motion to reconsider sentence rather than to the motion to withdraw the guilty plea that was filed.

¶ 2    Defendant, Ryan M. Alton, entered a fully-negotiated guilty plea to one count of retail theft of property valued at more than $300 (720 ILCS 5/16-25(a)(1), (f)(3) (West 2016)).   The circuit court later denied his amended motion to withdraw his plea, and he appealed.   He now asserts that counsel did not comply with the certification requirement of Illinois Supreme Court Rule 604(d) (eff. July 1, 2017), and that we must remand the matter for compliance with the rule.   We agree.

We thus vacate the denial of defendant's motion and remand the cause so defense counsel can comply with the rule's requirements.

¶ 3                                    I. BACKGROUND

¶ 4     Defendant was indicted on two counts stemming from the theft of a guitar from Guitar Center in Aurora: one count of retail theft of property valued at more than $300 and one count of retail theft with no property value specified (720 ILCS 5/16-25(a)(1), (f)(2) (West 2016)). He entered a fully-negotiated plea of guilty to the first count, and the circuit court, in accord with the agreement, sentenced him to two years' imprisonment.

¶ 5     Defendant filed a *pro se* motion to withdraw his guilty plea. The public defender then filed an amended motion to withdraw the plea and a certificate of his compliance with Rule 604(d). The certificate stated as follows:

> "1. The below-signed attorney has consulted with the Defendant in person to ascertain his claim of error in both his guilty plea and in sentencing.
>
> 2. The below-signed attorney has examined the trial court file and report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing.
>
> 3. The below-signed attorney *has made all necessary amendments to the motion to reconsider the sentence* for the *adequate presentation of any claim of error about the sentence*.
>
> 4. The Defendant does desire to respectfully request that the court allow the Defendant to withdraw his plea of guilty." (Emphases added.)

The court denied defendant's motion, and defendant timely appealed.

¶ 6                                    II. ANALYSIS

¶ 7 On appeal, defendant, relying principally on our holding in *People v. Herrera*, 2012 IL App (2d) 110009, argues that post-plea counsel's Rule 604(d) certificate was substantially deficient because it did not include a statement that counsel had made the necessary amendments to defendant's motion to withdraw his plea. He argues that counsel's certification that he amended a nonexistent motion to reconsider the sentence cannot substitute for the required certification, and therefore, he contends, we should vacate the denial of the motion to withdraw the plea and remand the matter to allow counsel to file a new motion in conformity with the rule.

¶ 8 The State responds that, "while the certificate contains an obvious scrivener's error, it nonetheless complied with Rule 604(d)." It notes that, although the third paragraph refers to a motion to reconsider the sentence, the fourth paragraph refers to a motion to withdraw the plea. It argues that defendant is thus "elevat[ing] form over substance" by suggesting that "verbiage [that] *** was obviously a scrivener's error" is a substantial deficiency in the certificate.

¶ 9 When representing a defendant in a motion to withdraw a guilty plea, counsel must certify that he or she has complied with the requirements of Rule 604(d):

> "The defendant's attorney shall file with the trial court a certificate stating that the attorney [(1)] has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, [(2)] has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and [(3)] has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

"[A] main purpose of Rule 604(d) is to ensure that any improper conduct or other alleged improprieties that may have produced a guilty plea are brought to the trial court's attention *before*

an appeal is taken, thus enabling the trial court to address them at a time when witnesses are still available and memories are fresh." (Emphasis in original.) *People v. Tousignant*, 2014 IL 115329, ¶ 16. The purpose of the certification requirement is to "enable the trial court to ensure that counsel has reviewed the defendant's claim and considered *all* relevant bases for the motion to withdraw the guilty plea or to reconsider the sentence." (Emphasis in original.) *Tousignant*, 2014 IL 115329, ¶ 16.

¶ 10　　The *language* of counsel's certificate may vary from the specific language set out in Rule 604(d) (*People v. Peltz*, 2019 IL App (2d) 170465, ¶ 26), but the *substance* of the certificate must strictly comply with the rule's requirements. *Herrera*, 2012 IL App (2d) 110009, ¶ 10. When the certificate fails to strictly comply with Rule 604(d)'s requirements, we will remand the matter for compliance. *Herrera*, 2012 IL App (2d) 110009, ¶ 10.

¶ 11　　Here, the certificate's third paragraph, by referring to a motion to reconsider sentence, did not strictly comply with the requirement that counsel certify that he or she "has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct . R. 604(d) (eff. July 1, 2017.) We agree with defendant that counsel's certification that he amended a nonexistent motion is not equivalent to certifying that he made the necessary amendments to the motion to withdraw the plea.

¶ 12　　The State contends that the defect is merely a matter of form because it resulted from an obvious and easily understood word-processing error. We do not dispute that the deficiency appears to have been the result of a simple error, albeit not one of a sort that is clearly analogous to what has historically been called a "scrivener's error." However, regardless of how we classify the error, we decline to correct it. Making a correction of the kind suggested by the State would require us to interpret the certificate in a way that is contrary to its express language. The State's

suggested approach would require us to engage in a type of individualized review of defense counsel's compliance that we rejected in *People v. Dismuke*, 355 Ill. App. 3d 606, 609-10 (2005).

¶ 13    In *Dismuke*, we concluded that it is inefficient to look beyond the substantial defects in a Rule 604(d) certificate to make an individualized determination of whether counsel has complied with the rule.   We held that it is "a waste of judicial resources" for us to "scour through the record to determine whether [an] attorney actually complied with Rule 604(d)," given that the attorney could prevent such waste simply by filing a fully compliant certificate.   *Dismuke*, 355 Ill. App. 3d at 609.

¶ 14    The State argues that *Dismuke* is distinguishable because we rejected the proposition that we should review the record to determine counsel's Rule 604(d) compliance, whereas here, the State is simply asking us to make an inference from the certificate.   That is a difference, but not a distinction.

¶ 15    We have no objection to drawing direct conclusions from language that is actually in a certificate to conclude that a certificate is not deficient.   For instance, in *Peltz*, we concluded that a certificate was in strict compliance with Rule 604(d) despite lacking an explicit certification that counsel had consulted with the defendant about his contentions of error in the entry the plea. *Peltz*, 2019 IL App (2d) 170465, ¶ 22.   We found that a certification that the defendant did not desire to withdraw the plea, which is not ordinarily required, was a satisfactory substitute for the certification that counsel had consulted with the defendant.   *Peltz*, 2019 IL App (2d) 170465, ¶ 22. We reasoned that the decision to seek to withdraw a plea is one only the defendant himself can make, so "[c]ounsel cannot certify that [a] defendant does not desire to withdraw his [or her] plea unless counsel has consulted with [that] defendant and determined that he or she has no contentions of error in the entry of the plea."   *Peltz*, 2019 IL App (2d) 170465, ¶ 22.   Thus, the certification

that the defendant did not want to withdraw his plea directly implied that counsel had consulted with the defendant as required. *Peltz*, 2019 IL App (2d) 170465, ¶¶ 22, 25-27.

¶ 16    In *Peltz*, we accepted the natural implication of language that actually was in the certificate. Here, by contrast, the State asks us to rewrite the certificate to comport with counsel's presumed intent, an act of mind reading that *Peltz* does not endorse. We presume that any attorney who signs something that purports to be a Rule 604(d) certificate intends to certify his or her compliance with the rule, but the presence of an error as conspicuous as the one here suggests that the signing may have been a rote act. If so, the certificate cannot serve its intended purpose as an "assur[ance to] the trial court that the defense counsel has reviewed the defendant's claim and has considered all of the relevant bases for a motion to withdraw a guilty plea" (*Dismuke*, 355 Ill. App. 3d at 608). We could, of course, search the record to decide whether counsel complied with the obligations, despite the defect in the certificate, but that is the procedure we rejected in *Dismuke*. *Dismuke*, 355 Ill. App. 3d at 609. We adhere to *Dismuke*'s policy of avoiding case-by-case determinations to "save" deficient certificates.

¶ 17                                III. CONCLUSION

¶ 18    For the reasons we have stated, we vacate the order denying defendant's motion to withdraw his guilty plea and remand the matter to the circuit court for further proceedings in compliance with Rule 604(d).

¶ 19    Vacated and remanded.