NOTICE

Decision filed 10/13/20. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2020 IL App (5th) 180302-U

NO. 5-18-0302

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Randolph County. |
| | ) | |
| v. | ) | No. 17-CF-215 |
| | ) | |
| SAMANTHA M. VALIGURA, | ) | Honorable |
| | ) | Eugene E. Gross, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE BARBERIS delivered the judgment of the court.
Justices Cates and Wharton concurred in the judgment.

**ORDER**

¶ 1    *Held*:    We affirm the circuit court's denial of defendant's motion to withdraw her guilty plea where postplea counsel was not required to amend the motion to comply with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017).

¶ 2    Defendant, Samantha M. Valigura, entered a negotiated plea of guilty to unlawful possession of a controlled substance, pursuant to section 402 of the Illinois Controlled Substances Act (720 ILCS 570/402(c) (West 2016)), and was sentenced to two years' probation. Defendant subsequently filed a handwritten letter indicating that she desired to withdraw her guilty plea, which the circuit court viewed as a *pro se* motion to withdraw her guilty plea. After the court appointed counsel to represent defendant, counsel proceeded to a hearing on the merits without first amending defendant's *pro se* motion. Following the hearing, the court denied defendant's *pro se* motion.

1

¶ 3    On appeal, defendant urges this court to remand the cause for new postplea proceedings because counsel failed to amend her *pro se* motion to adequately present her contentions of error in the entry of her plea of guilty, thus, failing to strictly comply with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). We affirm.

¶ 4                                I. Background

¶ 5    In December 2017, the State charged defendant by information with one count of unlawful possession of a controlled substance (720 ILCS 570/402(c) (West 2016)), a Class 4 felony, punishable by one to three years in prison. At her initial appearance, defendant was appointed a public defender (plea counsel). The State later offered to allow defendant to plead guilty in exchange for a sentence of 24 months' probation.

¶ 6    On January 18, 2018, defendant appeared at a pretrial conference with her plea counsel and accepted the State's offer. Prior to the start of the plea proceedings, defendant signed a guilty plea form that stated, *inter alia*, the following:

"I do hereby acknowledge that the Court has explained to me the nature of the charge made against me in said Complaint, and the punishment thereof provided by law, and has advised me of my right to trial by jury, to representation by counsel, and to be confronted by witnesses who testify against me.

I do hereby state that I understand that I have been charged with the offense set forth in said Complaint and I understand the nature of the charge made against me, and the punishment thereof provided by law, and the consequences of a Plea of Guilty, and that I have the right to representation by counsel, to trial by jury, and to be confronted by witnesses who testify against me, and that with such understanding, in open Court, I hereby enter my Plea of Guilty to the charge as set forth in the Complaint.

2

I do further state that said plea is freely and voluntarily offered and made, and that no promises or threats have been made to or against me by anyone that in any way influenced my Plea of Guilty."

During the plea proceedings, the State informed the circuit court of the terms of the plea agreement, which plea counsel and defendant agreed had been correctly stated. The court then recited count I, as alleged, and informed defendant of the minimum and maximum punishments. Defendant acknowledged that she understood the nature of the offense and the possible penalties.

¶ 7 The circuit court then admonished defendant that she had a right to: plead not guilty and make the State prove her guilty beyond a reasonable doubt; a trial by jury or by judge; to confront and cross-examine witnesses at trial; to subpoena witnesses; and to remain silent. Again, defendant stated that she understood these rights and acknowledged that she was giving up these rights by pleading guilty. The court next admonished defendant that, by pleading guilty, her ability to obtain employment and to qualify for public housing and occupational licenses could be affected. Defendant acknowledged that she understood. In response to the court's inquiry, defendant confirmed that no one had forced or threatened her to plead guilty. Defendant was not under the influence of drugs or alcohol, and she was "thinking clear-headed." Defendant was satisfied with her legal representation, and she had a chance to talk with her attorney about the plea.

¶ 8 Next, the State provided a factual basis to support the charge, stating that the evidence would show that defendant was in possession of heroin on September 13, 2017, in Randolph County. Plea counsel confirmed that she had received discovery and stipulated that a factual basis existed to support the charge. The circuit court then asked defendant the following:

"THE COURT: Okay. Now, Samantha, is there anything that you've heard so far that would cause you to change your mind?

3

DEFENDANT: No sir."

Following admonishments, the court accepted defendant's guilty plea, as knowingly and voluntarily entered, and imposed the agreed sentence of 24 months' probation. Lastly, the court informed defendant of her appeal rights.

¶ 9    On February 12, 2018, defendant filed a handwritten letter stating that she wished to withdraw her guilty plea, which the circuit court viewed as a *pro se* motion to withdraw her guilty plea. Defendant's letter stated the following:

> "I[,] Samantha Marie Valigura[,] wish to withdraw my guilty plea that I regret entering a guilty plea. My defense attorney advised me incorrectly of taking a guilty plea which I feel was not explained to me and its consequences. I challenge that the offense of unlawful possession of a controlled substance is and was not correct. There is no evidence of any illegal controlled substanse [*sic*] on me at the time of my arrest. I also contest that I was subject of illegal search and seizure. The car I was in had broken down on the side of [the] road and that the police officer that approached us only asked us to remove the vehicle or have it towed. There was never any question of illegal drugs until he had the drug dogs come out of his vehicle. All we had was a flat tire. There was never any criminal activity. Please withdraw [the] guilty plea."

The court appointed a public defender (postplea counsel) to represent defendant and set the matter for status hearing.

¶ 10    On May 3, 2018, the circuit court held a hearing on defendant's motion to withdraw her guilty plea. Postplea counsel informed the court that he had reviewed the court file and transcript of the plea proceedings, and he had spoken with defendant regarding her guilty plea and the circumstances surrounding the plea. Postplea counsel also filed a Rule 604(d) certificate of

4

compliance, which the parties agree facially conformed to the requirements of Illinois Supreme Court Rule 604(d) (eff. July 1, 2017).

¶ 11    The circuit court reviewed the information provided in postplea counsel's Rule 604(d) certificate of compliance and then inquired whether there were any amendments. In response, postplea counsel replied:

> "No, there's no amendments, [Y]our Honor. I think [defendant's] pretty clear in her—she lays it out in, you know, her own words, but I think it's pretty clear what she's trying to say to the court."

Shortly thereafter, the parties indicated that they were ready to proceed. Postplea counsel made the following argument:

> "POSTPLEA COUNSEL: After a review of the *pro se* pleadings that [defendant] filed and speaking with [defendant], [defendant] doesn't feel that she fully understood at the time of her—the entry of her plea what she was doing at that point in time. She doesn't feel that it was fully explained to her by trial counsel. She feels she had some meritorious defenses at that point in time, and she doesn't feel that she—that her plea was knowing or voluntary at that point in time.
>
> THE COURT: Okay.
>
> POSTPLEA COUNSEL: And other than that, we would stand on the pleadings that [defendant] filed."

In response, the State argued that the transcript of the plea established that the court had provided all required admonishments to defendant and that "buyer's remorse" was not a valid reason to withdraw the guilty plea.

5

¶ 12    Prior to ruling on defendant's motion to withdraw her guilty plea, the circuit court asked postplea counsel if he had anything else to add. Postplea counsel responded, "At this point in time, as I said, [defendant] feels she didn't fully understand, it wasn't fully explained to her, and that she feels she has meritorious defenses to the underlying charge." The court subsequently denied defendant's motion to withdraw her guilty plea, finding defendant knowingly and voluntarily entered into a negotiated disposition, and the plea proceedings fully complied with supreme court rules.

¶ 13    On June 1, 2018, defendant filed a second letter with the circuit court stating that she wanted to change her plea to not guilty, due to misrepresentation by plea counsel, and she wanted the charge dropped. Defendant stated, "I am innocent and no drugs were found on me or in my possession." That same day, defendant filed this appeal.

¶ 14                                    II. Analysis

¶ 15    The parties agree that postplea counsel filed a facially valid Rule 604(d) certificate of compliance. Defendant contends that postplea counsel failed to amend her *pro se* motion to withdraw her guilty plea to adequately present her claims, *inter alia*, that plea counsel advised her incorrectly to take a guilty plea where it "was not explained to [her] and its consequences." As such, defendant argues that postplea counsel's Rule 604(d) certificate of compliance is rebutted by the record, and this court should therefore vacate the circuit court's denial order and remand this cause for compliance with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). We disagree.

¶ 16    "Rule 604(d) governs the procedure to be followed when a defendant wishes to appeal from a judgment entered upon a guilty plea." *In re H.L.*, 2015 IL 118529, ¶ 7. "Rule 604(d) requires counsel to certify that he or she has made any amendments to the defendant's motion that are necessary for adequate presentation of any defects in the proceedings relating to the defendant's

6

plea." *People v. Bridges*, 2017 IL App (2d) 150718, ¶ 8. "Such certification assures the trial court that the defense counsel has reviewed the defendant's claim and has considered all of the relevant bases for a motion to withdraw a guilty plea." *People v. Dismuke*, 355 Ill. App. 3d 606, 608 (2005) (citing *People v. Linder*, 186 Ill. 2d 67, 69 (1999)). Strict compliance with Rule 604(d) is required (*People v. Foster*, 171 Ill. 2d 469, 474 (1996)), and counsel's failure to strictly comply requires remand to the trial court. *People v. Janes*, 158 Ill. 2d 27, 33 (1994). Even where counsel has filed a facially valid certificate, courts "may consult the record to determine whether [he or] she actually fulfilled [his or] her obligations under Rule 604(d)." *Bridges*, 2017 IL App (2d) 150718, ¶ 8. Our review of counsel's compliance with a supreme court rule is *de novo. People v. Grice*, 371 Ill. App. 3d 813, 815 (2007).

¶ 17    Here, defendant does not contest that postplea counsel reviewed the transcript, the court file and spoke to defendant regarding defendant's contentions of error. Rather, defendant's only contention on appeal is that postplea counsel failed to make necessary amendments to her *pro se* motion to adequately present defects in the proceedings. In that regard, defendant claims that the circuit court could not assess certain claims of error in her guilty plea without postplea counsel detailing, by affidavit or testimony, defendant's "off-the-record" conversations with plea counsel to adequately present defendant's claims that the plea counsel "incorrectly" advised her to plead guilty.

¶ 18    In support of her assertion that plea counsel "incorrectly" advised her to accept the negotiated guilty plea, defendant claims that no illegal drugs were found on her person at the time of her arrest, and she was subject to an "illegal search and seizure." Defendant does not claim, however, that plea counsel coerced her into pleading guilty or that his advice was false or misleading or that his assessment of the strength of the evidence was incompetent. Additionally,

7

as claimed by defendant, the underlying facts were known to her at the time she entered into the negotiated plea agreement. Under these circumstances, we are not persuaded that postplea counsel was required to present evidence of defendant's "off-the-record" conversations with plea counsel to adequately present defendant's claims. It is well-settled that by entering a plea of guilty, a defendant relinquishes claims of innocence and deprivation of constitutional rights. See *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.").

¶ 19    Defendant also asserts that her guilty plea, and its consequences, were not properly explained to her. Despite this assertion, defendant fails to point to pertinent underlying facts of record or to otherwise put forth support for her statement. Instead, our examination of the record compels us to conclude that defendant was properly admonished as to the nature and consequences of her guilty plea. First, defendant signed a guilty plea form acknowledging that she understood the nature of the charge, and the possible punishment and consequences of her plea of guilty. Next, the circuit court admonished defendant as to her rights, which she stated she understood and acknowledged that she was giving up by pleading guilty. The court further admonished defendant that her ability to obtain employment and to qualify for public housing and occupational licenses could be affected by pleading guilty. Again, defendant acknowledged that she understood the potential consequences. Nevertheless, she persisted in her plea of guilty.

¶ 20    Based upon the record, we cannot find support for defendant's assertion that postplea counsel was required to file an amended petition to withdraw her guilty plea, where defendant failed to show sufficient facts to rebut postplea counsel's facially valid Rule 604(d) certificate of

compliance. We, therefore, find that the circuit court did not err in denying defendant's motion to withdraw her guilty plea.

¶ 21                                III. Conclusion

¶ 22    Accordingly, we affirm the judgment of the circuit court of Randolph County denying defendant's motion to withdraw her guilty plea.


¶ 23    Affirmed.