2020 IL App (2d) 180401-U
No. 2-18-0401
Order filed December 23, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 17-CF-2357 |
| EXSAUR PEREZ-VIRGIL, | ) ) | Honorable Daniel B. Shanes, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE McLAREN delivered the judgment of the court.
Justices Jorgensen and Brennan concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Reversed and remanded for Rule 604(d) compliance; postplea counsel's Rule 604(d) certificate was deficient because it stated that *defendant*, rather than *counsel*, made any necessary amendments to defendant's motion to withdraw his guilty plea.

¶ 2    Defendant, Exsaur Perez-Virgil, appeals the denial of his motion to withdraw his guilty plea.  He contends that (1) defense counsel's certificate failed to comply with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017), and (2)postplea counsel was ineffective for failing to produce evidence in support of defendant's claim that he was not advised of the adverse immigration consequences of pleading guilty.  We reverse and remand.

¶ 3                                     I. BACKGROUND

¶ 4      Defendant was charged with unlawful possession of a controlled substance (720 ILCS 646/60(b)(1) (West 2016)).  On December 19, 2017, the parties presented the court with an agreement in which defendant would plead guilty in exchange for a sentence of 24 months' probation and 180 days in jail, which he had served.  The State would nol-pros an unrelated charge of driving under the influence.

¶ 5      No one asked defendant if he needed an interpreter, and he did not request one.  Defendant assured the court that he understood the agreement.  The following colloquy then occurred:

> "THE COURT: ***
>
> What country are you a citizen of?
>
> DEFENDANT: United States.
>
> THE COURT: Okay.  And you obviously can speak and understand English without a problem, also."

¶ 6      Defendant signed a "Waiver of Trial" form.  The back of the form included a paragraph advising of possible adverse immigration consequences for defendants who were not United States citizens.  The court concurred in the plea agreement and imposed the agreed sentences.

¶ 7      Defendant moved to withdraw his plea.  In a motion prepared by the public defender, defendant alleged that he "did not have an appropriate amount of time to make a fully informed decision" on the proposed plea agreement and that he did not have a chance to review the discovery with his attorney and discuss potential defenses.

¶ 8      On the next court date, a private attorney appearing for defendant told the court that defendant was subject to deportation as a result of his plea.  This attorney filed a new motion to vacate the plea, in which he argued that neither the public defender nor the court had advised

defendant of the plea's possible immigration consequences and thus the plea was not knowing and voluntary.

¶ 9     Defense counsel also filed a certificate pursuant to Illinois Supreme Court Rule 604(d) (eff. July 1, 2017) that stated in relevant part:

> "2. That the attorney *** examined the trial court file and report of proceedings of the plea of guilty,
>
> 3. That the defendant Exsaur Perez-Virgil has made amendments to the motion necessary for adequate presentation of any defects in those proceedings."

¶ 10     The court pointed out that the certificate did not state that counsel had reviewed the court file and report of proceedings for the sentencing hearing.  Counsel filed an amended certificate and a new motion to withdraw the plea.

¶ 11     At the hearing on the motion, counsel asserted primarily that no one advised defendant, who was not a United States citizen, of the adverse immigration consequences of the plea; defendant answered the court's question about citizenship as he did because he did not understand the question; and although defendant participated in the plea process in English, he "doesn't speak good English."

¶ 12     Defendant testified through an interpreter that he had lived in the United States for 20 years. His wife and children are American, but he did not have the money to seek citizenship.  When asked if he spoke English, he replied, "50 percent."  Defendant said that he told the judge he was a United States citizen because he did not understand the question.  Defendant said that he never discussed with the public defender any "favorable facts" regarding his case.  He saw some police reports and part of a video but did not discuss the evidence with his attorney.

¶ 13    The trial court denied the motion.  Recalling its prior discussions with defendant, the court noted that he had "confidence in English."  The court had observed defendant through numerous court appearances and engaged in colloquies with him to "determine whether the defendant is actually conversant in the English language."  The court found that defendant "is 50 percent good in English, and that was plenty good enough."  Further, the court noted that defendant had never expressed the need for an interpreter.

¶ 14    The court admitted that it had not given the statutory admonishments about immigration consequences.  See 725 ILCS 5/113-8 (West 2018).  However, by representing that he was an American citizen, defendant waived that error.  The court also noted that defendant signed the trial waiver form, which included such an admonishment.

¶ 15    Defendant moved to reconsider. Counsel explained that he had "never filed anything concerning ineffective assistance [of counsel] because the [public defender] must have had the opportunity to talk to [defendant] and go through all the advisals," but apparently "chose not to." The court denied the motion and defendant timely appeals.

¶ 16                                    II. ANALYSIS

¶ 17    Defendant first contends that counsel's Rule 604(d) certificate did not comply with the rule.  The rule requires that postplea counsel file a certificate stating that he or she has consulted with the defendant, "has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing," and has made the necessary amendments to the postplea motion.  Ill. S. Ct. Rule 604(d) (eff. July 1, 2017).  The filing of a Rule 604(d) certificate is a condition precedent to an appeal, and strict compliance with the rule is required.  *People v. Dismuke*, 355 Ill. App. 3d 606, 608 (2005).  Where no Rule 604(d) certificate,

or a noncompliant certificate, is filed, a reviewing court must remand for new postplea proceedings and compliance with the rule. *People v. Hagerstrom*, 2016 IL App (3d) 140559, ¶ 9.

¶ 18    Here, the certificate states that *defendant*, not counsel, made the necessary amendments. In *Dismuke*, we held that a certificate that failed to state that counsel had made any necessary amendments to the motion did not comply with the rule. *Dismuke*, 355 Ill. App. 3d at 608-09. The certificate here, while mentioning amendments, does not state that *counsel* made any necessary amendments, and thus does not comply with the rule. As compliance with the rule is a prerequisite to a hearing on the motion, we must vacate the denial of the motion and remand for compliance with the rule.

¶ 19    The State argues that the mistake is nothing more than a scrivener's error and that the record shows that counsel complied substantively with the rule. We rejected a similar argument in *Dismuke*, holding that "a waste of judicial resources occurs when, as a result of an attorney's deficient certificate, an appellate court must scour through the record to determine whether that attorney actually complied with Rule 604(d), even though strict compliance with that rule's certification requirements would prevent such waste." *Id.* at 609.

¶ 20    The State quotes the following passage from *People v. Shirley*, 181 Ill. 2d 359, 369 (1998): "Where, as here, the defendant was afforded a full and fair second opportunity to present a motion for reduced sentencing, we see limited value in requiring a repeat of the exercise, absent a good reason to do so." However, in *Shirley*, the cause had already been remanded for Rule 604(d) compliance. The court stated that it would not routinely order multiple remands for compliance with the rule but reaffirmed its policy that strict compliance is required. Here, defendant has not had a previous remand, so *Shirley* does not apply.

¶ 21     Defendant next contends that postplea counsel was ineffective for failing "to present any evidence on whether [defendant] was correctly advised by his plea counsel as to the immigration consequences of his plea." We briefly discuss this contention, as it may arise on remand. A challenge to a guilty plea alleging ineffective assistance of counsel is subject to the standard of *Strickland v. Washington*, 466 U.S. 668 (1984). *People v. Hall*, 217 Ill. 2d 324, 335 (2005). Under *Strickland*, a defendant must show that his counsel's performance fell below an objective standard of reasonableness and that the defendant was prejudiced by this substandard performance. *Id.*

¶ 22     Defendant insists that postplea counsel should have offered evidence that defendant was not correctly advised about the possible immigration consequences of pleading guilty. But defendant wrongly assumes that the trial court believed that he was entitled to such advisements. The court held that defendant forfeited the issue by telling the court that he was a United States citizen. Postplea counsel did ask defendant about that issue. However, based in large part on its personal experience with defendant during the proceedings, the court, as a factual matter, did not credit defendant's explanation that he answered as he did because he did not understand the question. In ruling as it did, the court seems to have assumed that defendant was not advised about the immigration consequences of his plea, but found that, because defendant claimed to be a United States citizen, neither the trial court nor defense counsel had any duty in that regard. Thus, defendant suffered no prejudice because producing concrete evidence that defendant was not advised about immigration consequences would not have changed the outcome of the proceeding.

¶ 23     Defendant claims that counsel has a duty to ask a defendant about his immigration status in any event. He cites *People v. Deltoro*, 2015 IL App (3d) 130381, ¶ 18, for the proposition that "it is at least arguable that [*Padilla v. Kentucky*, 559 U.S. 356 (2010)] required the defendant's plea counsel to ask the defendant about his immigration status." There, defense counsel was found

ineffective for failing to advise the defendant about possible deportation as a result of his plea despite a lack of evidence that defense counsel was aware of the defendant's immigration status. The court rejected as "speculative and premature" the State's argument that the defendant might have lied about his status. *Id.* ¶ 19.

¶ 24    The State responds that this case is more like *People v. Ramirez*, 2018 IL App (1st) 152125. There, the court held that defense counsel was not ineffective for failing to discuss with the defendant possible immigration consequences of his plea because documents in the record indicated that the defendant had been born in Illinois and was a lifelong Illinois resident. *Id.* ¶ 23.

¶ 25    We agree with the State. Defendant affirmatively misrepresented on the record that he was a United States citizen. Moreover, the trial court did not credit his explanation that he was confused by the question. Thus, the trial court correctly held that, on the existing record, defendant did not have to be admonished about possible immigration consequences given his affirmative statement that he was a United States citizen. See *Id.*

¶ 26                                   III. CONCLUSION

¶ 27    We reverse the judgment of the circuit court of Lake County and remand the cause.

¶ 28    Reversed and remanded.